WALTERS v. THE STEAMBOAT MOLLIE DOZIER.

1. **Admiralty:** JURISDICTION OF FEDERAL COURTS EXCLUSIVE. The jurisdiction conferred upon the federal courts by the ninth section of the judiciary act of 1789, in civil causes of admiralty and maritime jurisdiction, is exclusive.

Walters v. The Steamboat Mollie Dozier.

2. —— ACTIONS AGAINST BOATS UNDER STATE LAW: PROCEEDINGS *in rem.* So much of chapter 148 of the Revision as undertakes to give a remedy *in rem* against a boat or vessel for a cause of action of admiralty cognizance, is in conflict with the constitutional legislation of congress conferring exclusive admiralty jurisdiction on the District Courts of the United States.

3. —— HOW ADMIRALTY JURISDICTION IS DETERMINED. To determine the question of admiralty jurisdiction *in rem,* regard must be had to the character of the waters, to the character of the boat or vessel, and to the character of the contract or tort which forms the subject of the action.

4. —— TO WHAT IT EXTENDS. The admiralty jurisdiction, under the ninth section of the judiciary act of 1789, extends to the public navigable rivers of the United States, and to all public waters capable of being navigated by maritime or commercial vessels, propelled by wind or steam.

5. —— MARITIME TORTS. Admiralty will take cognizance of maritime torts.

6. —— COLLISION BETWEEN STEAMBOAT AND FLAT-BOAT. A collision between a steamboat and flat-boat on a navigable river, makes a case within the admiralty jurisdiction of the federal courts, when the remedy is by a direct proceeding against the boat, and not against the owners thereof.

7. —— PRINCIPLES APPLIED. Where it appeared from the petition that a steamboat navigating the Missouri river, as a common carrier of passengers and freight, tortiously run so near a flat-boat laden with lumber and actually navigating the river, as to cause it to sink, it was *held,* that it presented a case of admiralty cognizance, and that the owner of the flat-boat could not pursue a remedy *in rem* against the boat, under the State law (ch. 148 of the Revision), and in the State courts.

8. —— WANT OF JURISDICTION: WHEN IT MAY BE URGED. It was also held, that, though the jurisdiction of the State court, in such case, was not questioned below, the objection might be made for the first time in the Supreme Court.

*Appeal from Woodbury District Court.*

WEDNESDAY, APRIL 8.

STATE BOAT LAW; JURISDICTION OF FEDERAL COURTS IN ADMIRALTY; HOW FAR EXCLUSIVE, etc.— This action was

brought in the District Court of the county of Woodbury, in this State, against "The Steamboat Mollie Dozier." It was commenced under the statute of Iowa (Rev. ch. 148) entitled "Actions against boats and rafts." The boat by name is the sole defendant. The petition alleges, "that, on the 6th day of September, 1866, plaintiff had, on the Missouri river, a flat-boat of the value of $300, loaded with 50,000 feet of lumber of the value of $1,500; that, while said flat-boat was loaded with lumber on said river as aforesaid, the defendant carelessly and negligently ran unnecessarily near plaintiff's boat, and at an unnecessary and unusual rate of speed; that defendant so ran as aforesaid for the purpose and with the intent of injuring the plaintiff's boat; that, by reason of defendant's conduct, the boat of the plaintiff was broken to pieces and totally destroyed, and the lumber thereon wholly lost; by reason of which careless, negligent and malicious conduct on the part of the defendant, the plaintiff was damaged in the sum of $1,800, for which he prays judgment and a warrant to seize and detain the said steamboat Mollie Dozier according to law."

A warrant to seize the steamboat was issued, as provided by section 3701 of the Revision, and the summons served and the boat seized. The boat was released on giving a bond as provided by section 3706.

Answer in denial and alleging that the injury was caused by plaintiff's negligence in not giving proper warning and signal. The answer also alleges, that the plaintiff is not a resident of Iowa, and that the Mollie Dozier is owned and belongs in St. Louis, Mo. The evidence in the record shows that the plaintiff is a resident of Dakota; that in that territory he loaded his flat-boat, eighty feet long and twenty feet wide and substantially constructed, with lumber destined for Sioux City, in Iowa, and Omaha, in Nebraska; that, in the course of the

passage of the flat-boat on this voyage, and while the boat was on the Missouri river, between the Iowa and Nebraska shores, the alleged tort for which this action is brought was committed.

A jury trial resulted in a verdict for the plaintiff for $1,400, upon which judgment was rendered.

From this judgment the defendant appeals. Many errors are assigned on rulings of the court during the trial; and it is specially insisted that the court erred in assuming jurisdiction of the cause, for the reason that the courts of the United States have exclusive jurisdiction thereof.

*W. L. Joy* (with whom *Withrow & Wright*) for the appellant.

*Polk, Hubbell & Barcroft* for the appellee.

DILLON, Ch. J. — The leading question on this appeal is, whether the State courts have jurisdiction of the cause of action set forth in the petition? Defendant insists that the action, being *in rem*, brought against the steamboat by name, and seeking to condemn and sell the boat to satisfy the damages which she caused to the plaintiff, is within the admiralty jurisdiction of the federal courts, and that such jurisdiction is exclusive. This position, under the recent decisions of the Supreme Court of the United States, below referred to, is well taken.

1. ADMIRALTY: jurisdiction of federal courts exclusive.

The Constitution declares that the judicial power of the United States "shall extend to all cases of admiralty and maritime jurisdiction." Art. 3, § 2.

The ninth section of the judiciary act of 1789, in establishing the jurisdiction of the several federal courts, provides that the District Courts of the United States "shall also have *exclusive* original jurisdiction of *all civil causes of admiralty and maritime jurisdiction*, includ-

ing seizures under laws of impost, navigation or trade of the United States, when the seizures are made on waters which are navigable from the sea by vessels of ten or more tons burden." A clause of this (ninth) section "saves to suitors, in all cases, the right of a common law remedy where the common law is competent to give it."

In the recent cases of *The Moses Taylor* (4 Wall. 411) and *The Ad Hine* (id. 411; *S. C.*, 6 Am. Law Reg. [N. S.] 586; 1 West. Jurist, 231), it is decided by the Supreme Court of the United States that it is competent for congress, under the constitutional provision above quoted, to make the jurisdiction of the federal courts *exclusive* in admiralty cases. Having declared this proposition, that court further decided that the jurisdiction conferred upon the federal courts by the ninth section of the act of 1789, in civil causes of admiralty and maritime jurisdiction, is, in express terms, made *exclusive*, and that this exclusion extends to the *State courts*.

The point decided in the case of *The Ad Hine* is, that a collision between steamboats on the interior public navigable rivers of the United States, though the collision occurs above tide water, and *infra corpus comitatus*, makes a case of admiralty cognizance, when the remedy is by a direct proceeding against the steamboat by name, and not against the owners.

This decision overturns our State boat law (Rev. ch. 148) so far as that law undertakes to give a remedy *in rem* against the boat or vessel for a cause of action of admiralty cognizance; that is, a cause of action essentially maritime in its nature and properly falling within the limits of the jurisdiction of the federal courts in admiralty.

2. — actions against boats under State law: proceedings *in rem.*

It may be remarked, that our statute (Rev. ch. 148) embraces cases not cognizable in admiralty, and to this extent the statute is not in conflict with the constitutional

Walters v. The Steamboat Mollie Dozier.

legislation of congress conferring exclusive admiralty jurisdiction on the District Courts of the United States. The exact limits of the exclusive admiralty jurisdiction of the federal courts are, in many respects, yet to be judicially established.

The question now recurs, Is the case made by the petition one in which a remedy *in rem* is given in admiralty? In other words, Could the plaintiff have libeled the defendant for the same injury in the admiralty courts of the United States? If these questions ought to be answered in the affirmative, then it follows, that the jurisdiction of the admiralty court would be exclusive.

To determine the question of admiralty jurisdiction *in rem*, regard must be had to the character of the waters, to the character of the boat or vessel and to the character of the contract or tort which forms the subject of the action. In the case at bar the injury complained of was committed on the Missouri river.

3. —— how admiralty jurisdiction is determined.

The admiralty jurisdiction, under the ninth section of the judiciary act, extends to the public navigable rivers of the United States, — to all public waters capable of being navigated by maritime or commercial vessels propelled by wind or steam. *The Genesee Chief*, 12 How. 443; *Fretz* v. *Bull*, id. 466; *Waring* v. *Clark*, 5 id. 441; *The Magnolia*, 20 id. 296; *Nelson* v. *Leland*, 22 id. 48; *The Ad Hine* v. *Trevor*, *supra*.

4. —— to what it extends.

If it is essential, under the act of 1789, to the jurisdiction in admiralty of the federal courts, that the stream shall be navigable from the sea by vessels of ten or more tons burden (a point not necessary to discuss), the Missouri river is such a stream.

The boat—defendant in this case—is a steam vessel nav-

igating the river Missouri, as a common carrier of passengers and freight. That the admiralty jurisdiction extends to vessels or boats of this character, admits of no doubt. If the present action had been brought against the flatboat, the question might be different. As to the character of the vessels or craft, to which the jurisdiction in admiralty extends, see *The Salsbury* (Olcott Adm. 71); *McCormick* v. *Ives* (1 Abb. Adm. 418); *Many* v. *Noyes* (5 Hill, 34); *Leddo* v. *Hughes* (15 Ill. 41); *Thackeray* v. *The Farmer* (Gilpin, 524); 1 West. Jurist, 243, and valuable note of the learned annotator; see also Abbott's Nat. Dig. title "Admiralty," where the cases in the federal courts, respecting the nature and extent of admiralty jurisdiction, are conveniently arranged and accurately digested; *Galena, etc., Packet Co.* v. *Rock Island Bridge*, just decided by the Supreme Court of the United States.

That admiralty will take cognizance of maritime torts is also clear. *Fretz* v. *Bull, Nelson* v. *Leland*, and *The Ad Hine* v. *Trevor*, were cases of collision on the Mississippi river, the first two between flat-boats and steamboats, and the latter between two steamboats, in both cases above tide water.

5. —— maritime torts.

If the defendant had actually collided with the flatboat, the former might be libeled in admiralty. The present injury (assuming, as we must, the truth of the petition, in determining the jurisdictional question) is the same in character and governed by the same principle. See *The Moxey*, 1 Abb. Adm. 73. There is but one point of possible difference between this case and that of the *Ad Hine*. In that case, the injury sued for occurred on the Mississippi river. Here it occurred on the Missouri. There the injury complained of was a tort. So it is here. In that case, it was another steamboat that was injured by the tortious act of the *Ad Hine*. In this case it was a flat-boat laden with lumber,

6. —— collision of steam- and flat-boat.

and actually navigating the river, that was injured by the defendant. The owner of this flat-boat was engaged in lawful commerce on the river. He was conveying lumber from one place to another. While thus engaged in the navigation of the stream, the defendant, at the time similarly engaged, negligently and willfully injures the plaintiff's boat. We have referred more particularly to the *Ad Hine* case, because the question of admiralty jurisdiction was there most fully examined. In principle this case is identical with that.

The present case, as to the jurisdictional question, is precisely like *Fretz* v. *Bull*, and *Nelson* v. *Leland*, above cited, in both of which it was held by the Supreme Court of the United States, that a case of collision between a steamboat and a flat-boat, on inland navigable rivers, was of admiralty cognizance. See also *The S. B. Southern Belle*, Newb. Adm. 461; *S. C.* affirmed on appeal to Supreme Court of the United States, 18 How. 584.

These authorities settle the question, that, for the injury set forth in the petition, the plaintiff might have libeled the boat-defendant in admiralty. If this might have been done, then the same authorities also settle the question, that the plaintiff cannot pursue a remedy against the boat *in rem*, under the State laws, and in the State courts. For the *Ad Hine* case expressly rules, that the remedy adopted by the plaintiff in the present case viz., *a suit against the boat by name and a seizure of it*, is not a common law remedy, and therefore not one of the remedies saved to suitors by the ninth section of the judiciary act.

If the foregoing views are correct, it follows, that the District Court of Woodbury county had no jurisdiction 8. —— want of of the case made by the petition. If it be jurisdiction: when urged. conceded that the jurisdiction of that court was not questioned below, the objection is not waived;

for the case is of such a nature that the court would not thereby acquire jurisdiction; and the objection may be taken in any stage of the proceeding.

It erred in assuming jurisdiction and rendering judgment against the defendant. *Elder* v. *Manuf. Co.*, 4 Gray, 201; *Smith* v. *Dubuque Co.*, 1 Iowa, 494; *Chapman* v. *Morgan*, 2 Greene, 374; *Low* v. *Rice*, 8 Johns. 409; *Davis* v. *Packard*, 7 Pet. 281; *Dudley* v. *Mahew*, 3 Cow. 9.

Whether a judgment rendered in such a case would be void, if not appealed from, we need not determine. The judgment below is reversed, and an order will be entered in this court dismissing the case.

Reversed.