HARDY, Ex parte. See Case No. 1,420.

## Case No. 6,056.

## The HARDY.

### [1 Dill. 460.][1]

Circuit Court, D. Minnesota. 1870.

ADMIRALTY JURISDICTION—MARITIME CONTRACTS.

A contract by which a steamboat navigating the public inland waters of the United States engages, in consideration of freights to be earned, to carry certain goods, and collect from consignee the freight money, charges, advances, and insurance, together with the price of the goods, and after deducting the freight money to pay the balance to the consignor, is a maritime contract, within the jurisdiction of the district court, in admiralty, and is a contract within the scope of the master's authority, and binding on the owners of the vessel in favor of a shipper who had no knowledge that the boat was already chartered for the use of others.

[Cited in Zollinger v. The Emma, Case No. 18.218; The St. Joseph, Id. 12,230; The New Hampshire, 21 Fed. 925; The Josephine Spangler, 11 Fed. 441; Krohn v. The Julia, 37 Fed. 370.]

[Cited in Peoria & P. U. R. Co. v. Chicago, R. I. & P. R. Co., 109 Ill. 137.]

This was a libel in rem, in the district court, against the steamboat Hardy.

Harvey Officer, for libellant.

Smith & Gilman, for claimants.

NELSON, District Judge. 1. That a contract by which a steamboat navigating the public inland waters of the United States, engages, in consideration of freights to be earned, to carry for the libellant certain goods, and collect from the consignee the freight money and all charges, advances, and insurance on the goods, together with the price thereof, and after deducting the freight money, to pay to the libellant the balance, is not unusual in its character, and is essentially a contract for a maritime service, of which the district court has jurisdiction in admiralty, in a proceeding in rem against the boat.

2. That such a contract is within the scope of the master's employment, and is binding upon the owners and the vessel, in favor of a shipper who has no knowledge that the boat was at the time chartered by parties to be run for their own use and benefit.

See Monteith v. Kirkpatrick [Case No. 9,721]. Criteria of admiralty jurisdiction as to torts and contracts: Ins. Co. v. Dunham, 11 Wall. [78 U. S.] 1; The Mollie Dozier, 24 Iowa, 192; The Moses Taylor, 4 Wall. [71 U. S.] 411; The Ad Hine, Id. 555.

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]