No. 1975.—SOUTHERN DRY DOCK COMPANY *v.* GIBSON, RODNEY &. DOWTY.

A contract for · materials furnished and repairs done to a steamboat or other vessel in the· home port is not a maritime contract, therefore the admiralty courts of the United States, have not exclusive jurisdiction to enforce a lien arising from such a contract.

By the home port of a vessel is meant the port or place of her permanent registry and enroll-. ment, and the place where every act of sale or mortgage must be recorded to give it effect against third persons.

The States are competent to create such liens as their Legislatures may deem just and expe- dient in favor of furnishers of supplies and materials used in the construction and epairing of vessels, and to enact reasonable rules and regulations prescribing the mode· of their enforcement, provided they do not amount to a regulation of commerce between, the States.

Where suit is brought in a State court to enforce a lien on a vessel, which lien is given by statute, and the owners of the vessel except to the jurisdiction on the ground that the· lien is an admiralty one, which the State court is without jurisdiction to enforce, the State court will, in case of doubt, maintain its jurisdiction.

APPEAL from the Fourth District Court, parish of Orleans. *Théard,* J. *Bentinck Egan,* for plaintiff and appellee. *Randolph, Singleton & Browne,* for defendants and appellants.

HOWELL, J.  Plaintiffs allege " that David Gibson, a resident of Cincinnati, Ohio, and Martin Rodney and John C. Dowty, of New Orleans, owners of the steamboat St. Nicholas, a boat engaged in carrying freight and passengers for hire, are justly and truly indebted to petitioners in the full sum of $2549 92, costs of protest and interest, for work and materials furnished by petitioners in repairing and docking said steamer, within the last six months, * * * Petitioners further represent that they have by law a lien and privilege on said steamer for the payment of said sum of $2549 92." They caused the boat to be provisionally seized and citation to issue to the defendants,. who excepted to the action on the grounds :

*First*—The cause of action upon which this suit is based is an admi- ralty cause, and as such, the United States admiralty courts alone have jurisdiction of the same, saving to the plaintiffs the right of a. common law remedy, when the common law is competent to give it.

*Second*—That the proceeding in this cause is not a common law remedy, but a statutory remedy, vesting in this court a proceeding *in rem*, which is an admiralty proceeding, and by reason thereof this court has no jurisdiction.

*Third*—That the proceeding in this case is an admiralty proceeding and the cause an admiralty one, and as such, the courts of the United States have exclusive jurisdiction thereof."

This exception was overruled and the defendants answered, reserving the exception, and pleading a general denial. Judgment was rendered in favor of plaintiffs with privilege, and defendants appealed.

The main question before us is that of jurisdiction, raised by the exception, and is stated by the defendants in the following form :

"If the lien alleged by plaintiffs be an admiralty lien, the district court of the State could not enforce it, and this action must be dismissed at plaintiffs' costs."

To show the lien to be an admiralty one, and the State courts to be without jurisdiction, they cite the Judiciary Act of 1789, Ch. 20, § 9 ; Ashbrook et. al. *v.* The Golden Gate, 5 Am. Law Reg. 148; The Moses Taylor, 4 Wallace, 143 ; The Hine *v.* Trevor, Id. 555 ; The Belfast, 7 Wallace, 624 ; and Berain *v.* Matanzas, 19 An. 384.

These authorities very clearly sustain the proposition that an admiralty lien can not be enforced by State courts, but not that *all liens* upon vessels navigating the waters of this country are *admiralty liens.*

In the case of the Belfast, the latest of the above, on that subject, (December, 1868), it is expressly announced, at page 645, that " such a lien does not arise in a contract for materials and supplies furnished to a vessel in her *home* port, and in respect to such contracts it is competent for the States, under the decisions of this court, to create such liens as their Legislatures may deem just and expedient, not amounting to a regulation of commerce, and to enact reasonable rules and regulations prescribing the mode of their enforcement.

Contracts for ship building are held not to be maritime contracts, and, of course, they fall within the same category, but in all cases where a maritime lien arises, the original jurisdiction to enforce the same by a proceeding *in rem* is exclusive in the district courts of the United States, as provided in the ninth section of the Judiciary Act."

In the next case in the same volume, (White's Bank *v.* Smith, 650), the *home* port of a vessel was recognized to be that of the permanent registry or *enrollment,* and where every act of *sale,* mortgage, etc., to have effect against third persons, must be recorded, to wit : the port, " at or nearest to which the owner, if there be but one, or if more than one, the husband or *acting and managing* owner of said ship or vessel usually resides."

In the case at bar it is alleged that two of the part owners reside in New Orleans, and that one of the two is the captain. The plaintiffs, an incorporated company, have their domicile here. Until otherwise shown, we will, under these facts, presume this to be the *home port* of the defendant's steamboat. It was incumbent on the plaintiffs in the exception, to show on the trial thereof, any facts which divested the State court of jurisdiction. In case of doubt we will maintain our local jurisdiction; and we think, under the pleadings, the court *a qua* properly overruled the exception of defendants.

On the trial of the merits, Gibson and Rodney, two of the defendants, " offered their notarial act of title to the steamboat St. Nicholas, in order to prove that they were the sole owners of said steamboat at the time the claim sued on accrued, and in order to show *what portion of said boat was owned by each and such other facts* as might appear from said title," which was refused on the ground that the general denial was an admission of the ownership and no evidence thereon could legally be received. In their brief and argument it is said that this evidence was offered to settle the matter of jurisdiction. The ruling was correct. The question had been settled by the decision on the the exception and could not be again raised on the trial of the merits. The reservation in the answer only reserved the question as it was presented on the trial and decision of the exception. We find no error in the judgment below.

It is therefore ordered that the judgment be affirmed, with costs.