THE JOSEPHINE SPANGLER.

*(Circuit Court, S. D. Mississippi.)*

LIENS ON VESSELS—PRIORITY—STARE DECISIS.

Under the doctrine of *stare decisis* " the lien of a mortgage on a vessel duly recorded according to section 4192, Rev. St., is inferior to all strictly maritime liens, but is superior to any subsequent lien for supplies furnished in the home port given by state legislation."

*The De Smet,* 10 FED. REP. 483, followed.

In Admiralty. On appeal.

This is an appeal from the decision rendered in this case in the district court in January, 1881. The decision appealed from will be found in 9 FED. REP. 773.

*A. N. Lea,* for mortgage creditors.

*Pitman & Smith,* for lienholders.

PARDEE, C. J. The steam-boat Josephine Spangler having been libelled, condemned, and sold, various parties intervened, claiming the right to be paid from the proceeds. The district court rendered an elaborate decree, marshalling the various liens and claims, and from that decree George H. Quackenmeyer, the Yazoo City Oil Works, and Charles J. Edwards, Adam Fox, and W. L. Burton, intervening libellants, have appealed. The claim of Quackenmeyer, which was rejected by the district judge, is for money advanced to the owners which it is claimed was used in repairs on the boat, and was to be

secured by a deed of trust under an agreement renting to said Quackenmeyer for one year, with certain privileges of board and passage, the bar of the boat. As the boat was sold before the year expired, by some eight months, he claims a proportional amount of the money advanced, and that the same be declared a lien on the proceeds of the boat. The district judge found that the money was advanced to the owners to enable them to pay part of the purchase money. No deed of trust was given, and of course none was recorded, under section 4192, Rev. St.

It is difficult to see how any arguments even can be made in support of Quackenmeyer's pretensions. He is not a mortgagee, a shipper, or passenger, nor a furnisher of supplies. He may be a charterer without freight, or a limited owner, but it is clear that he has no lien, maritime or domestic. The claim of the Yazoo Oil Company is for moneys advanced to the officers of the boat to buy cotton seed to be shipped to the oil company, and upon which the boat was to earn freight. No seed was bought, but the money advanced was used to pay the expenses of the boat. As no seed was bought there was no freight; without the freight there was no lien.

The difference noted by counsel between this case and the *Hardy Case*, 1 Dill. 460, is exactly the thing which is fatal to his claim for a lien. The contract between the parties may be a maritime contract, wholly relating to maritime services, but no lien results on account of freight until it has been offered and accepted. If the money advanced by the oil company was used to pay the expenses of the boat, or for repairs, there may be a lien under the laws of Mississippi; and that there is such a lien may be taken for granted, so far as the decree now to be rendered is concerned. The other claimants appealing—Edwards, Fox, and Burton—held liens under the laws of Mississippi; in other words, liens for supplies and materials in the home port. The question presented by them is whether such liens are not entitled to priority over a prior mortgage duly recorded under section 4192, Rev. St. I have held this case some time to examine this question in the case of *The De Smet*, 10 FED. REP. 483, lately argued and decided in this circuit for the eastern district of Louisiana. In that case the identical point was raised, and after the most careful examination of the authorities and the reason of the rule, I decided that for some years in this circuit the rule "that mortgages of ships duly recorded under article 4192, Rev. St., were entitled to priority over subsequent domestic liens under the state law," had pre-

vailed; that this rule had become the law of this circuit; and that. the doctrine of *stare decisis* must be followed.

The case must go against these appellants on this ground.

See S. C. 9 FED. REP. 773.