## KROHN *v.* THE JULIA.

*(Circuit Court, E. D. Louisiana.* January 19, 1889.)

ADMIRALTY—JURISDICTION—CONTRACTS.

A libel alleged that the schooner received a certain quantity of charcoal consigned to a place named on account of libelant; that the master contracted to carry the charcoal to the place of destination, there to sell the same, and account to libelant for the price at a given rate per barrel; that the agreement is the general custom among charcoal schooners; that the contract was one of affreightment, whereby the schooner was to transport the charcoal and offer it for sale, under obligation of accounting for the price named; that the schooner sold the charcoal, and refuses to account, the master's receipt being for the charcoal at the stated rate per barrel, "to be paid when sold out." Held that it showed a transfer of the title to the charcoal to the schooner, and not a maritime contract; and that the admiralty court has no jurisdiction.

In Admiralty. Libel on contract. On appeal from district court.

*H. P. Dart,* for appellant.

*Hornor & Lee,* for appellee.

PARDEE, J. The libel alleges that on or about the 15th day of January, 1888, the schooner Julia, of New Orleans, whereof Meyer was master, being then in the Tchonticabourg river, Mississippi, designed on a voyage to New Orleans, did receive from libelant 1,330 barrels of charcoal, consigned to order, to New Orleans, on account of libelant; that the said master contracted, in behalf of the said vessel, to carry said charcoal to New Orleans, there to sell the same, and to account to libelant for the price thereof at the rate of 15 cents per barrel; that the agreement thus made is the general and usual custom among charcoal schooners; that said schooner Julia received the 1,330 barrels of charcoal, and brought the same to New Orleans, there sold the same, and now refuses to account for the said proceeds, as covenanted by the said master; that the said charcoal was sold by the said schooner at the price of 15 cents per barrel, and that the sum now due libelant therefor is $199.53; that libelant received from said schooner Julia the receipt hereto attached as part hereof, at the time of said shipping and said furnishing; that the whole was sold and delivered on the faith and credit of said schooner

v.37F.no.7—24

Julia, and that the said schooner is liable therefor, and by law libelant has a lien and privilege upon said schooner therefor. The receipt annexed to the libel reads:

"TCHONTICABOURG, January 15, 1888.

"Received on board schooner Julia, from Henry Krohn, one thousand three hundred and thirty barrels of charcoal at 15 cents per barrel, $199.50; wood, $1.75; provisions, $3.05,—all to be paid when sold out."

Afterwards, by leave, the libelant amended his libel, and in said amendment declared "that the contract with the said schooner was a contract of affreightment, whereby the said schooner was to receive on board the said charcoal, and the same to transfer to and deliver at New Orleans, and offer the same for sale under obligation of accounting to libelant for fifteen cents per barrel net." To the libel, as amended, the claimants excepted, on the ground that the court is without jurisdiction in admiralty over the matters and things propounded in said libel. The case in this court stands entirely upon this exception to the jurisdiction.

A careful examination of the libel, as amended, and the contract attached, results in the conclusion that the contract sued on was not a maritime contract. According to the libel as amended, the liability assumed by the schooner was to account for the charcoal at 15 cents a barrel net. It does not appear but that the schooner was at liberty to do whatever its master might think best with regard to the charcoal. He could sell it at the place where he received it. He could carry it to any port that he pleased. His liability, in any event, even in case of loss by peril of the sea, while the charcoal was in transmission to some other port, was the fixed price of 15 cents per barrel net. The declarations of the libelant as to the custom among charcoal schooners, and as to the obligations assumed by the schooner Julia, do not appear to be sufficient to give the written contract any other character than that stamped on its face, i. e., a sale. In the *Hardy Case*, 1 Dill. 460, there was a maritime contract, the affreightment of goods; and therein the jurisdiction in admiralty could well be maintained, although incidentally, in the affreightment contract, was a provision that the ship should collect from the consignee the price of the goods, and should return the same to the consignor, and although the default claimed in the case was in regard to such incidental stipulation. In the present case the best showing that can be claimed for libelant is that in the contract of sale was an incidental stipulation that the goods should be carried to New Orleans, and sold, though compliance or non-compliance with such incidental stipulation would not affect the schooner's liability, or at all change the relation of the parties to the goods.

Being of the opinion that the transaction upon which the suit was brought was one that vested title and ownership at once in the schooner, and was not a maritime contract, I am clear that the exception to the jurisdiction should be maintained. A decree will be entered dismissing the libel, with costs in both this and the district court.