[Argued October 9; decided November 20, 1893; rehearing denied.]

## THE WILLAPA.

### PORTLAND BUTCHERING CO. *v.* THE WILLAPA.

[ S. C. 34 Pac. Rep. 689.]

1. ADMIRALTY — CONSTITUTIONAL LAW — JURISDICTION OF STATE COURTS TO ENFORCE MARITIME LIENS — CODE, ₹ 3690.— State courts have no jurisdiction to enforce by proceedings *in rem* liens for supplies furnished to a vessel in her home port, since such contracts are maritime, and the district courts of the United States have exclusive jurisdiction thereof under the Revised Statutes of the United States, ₹ 563, clause 8, and ₹ 711, clause 3, which are a re-enactment of the ninth section of the Judiciary Act of 1789.

2. IDEM.— State legislatures may create liens on vessels for supplies or demands, as has been done by section 3690 of Hill's Code, and may also provide for their enforcement by proceedings *in rem;* but whenever the liens so created arise out of maritime contracts, the parties must seek their remedy in the federal courts to which exclusive jurisdiction in admiralty and maritime case has been confided by the constitution of the United States, article III., ₹ 2. State legislatures have power to create maratime liens, but not to provide for their enforcement.*

APPEAL from Multnomah: E. D. SHATTUCK, Judge.

This is a proceeding *in rem,* under section 3690 of Hill's Code, brought by The Portland Butchering Company against the steam propeller Willapa, her tackle, apparel, and furniture, to enforce a lien for supplies furnished the vessel in her home port. The boat having been seized by the sheriff pursuant to the provision of section 3694 of Hill's Code, Frederick R. Strong, as claimant, filed an undertaking under section 3698, and

*NOTE.— In the case of *The Victorian,* 24 Or. 121, a proceeding *in rem* under sections 3690–3694 of Hill's Code, to enforce a lien for materials used in constructing a vessel was sustained, such a contract not being maritime.— REPORTER.

obtained her release. A demurrer to the complaint having been overruled, and judgment rendered against the sureties, the claimant Strong appeals on the ground that the circuit court for Multnomah County had no jurisdiction of the subject of the action.

REVERSED.

*Mr. Chas. E. S. Wood* ( *Messrs. Geo. H. Williams, Stewart B. Linthicum,* and *J. Couch Flanders* on the brief), for Appellant.

*Mr. Chas. Jones McDougall,* for Respondent.

Opinion by Mr. Chief Justice Lord.

The only question raised by this appeal is, whether state courts have jurisdiction to enforce, by a proceeding *in rem*, a lien given for supplies furnished a domestic vessel in her home port. The contention for the defendant is that a proceeding of this character, brought against the vessel by name, which seeks to condemn and sell her to satisfy a lien given by the state for supplies furnished her, is exclusively within the admiralty jurisdiction of the federal courts. The constitution of the United States ordains that the "judicial power shall extend to all cases of admiralty and maritime jurisdiction": Article III., § 3. By force of this provision the statutes of the United States provide that the district courts of the United States shall have exclusive jurisdiction of "all civil cases of admiralty and maritime jurisdiction, saving to suitors in all cases the right of a common-law remedy, when the common law is competent to give it: Revised Statutes of the United States, § 563, clause 8; *id.* § 711, clause 3. Under these provisions the state courts are excluded from taking jurisdiction of civil maritime cases,

except so far as common-law remedies are saved to suitors. The principal subjects of admiralty jurisdiction are maritime contracts and maritime torts: *The Belfast,* 7 Wall. 637. Contracts for repairs and supplies furnished a vessel in her home port have long been recognized as maritime contracts, and admiralty jurisdiction over them frequently exercised and sustained: *The General Smith,* 4 Wall. 443; *Peyroux* v. *Howard,* 7 Pet. 341; *The Steamer Lawrence,* 1 Black, 529; *The Lottawanna,* 21 Wall. 580. It results, therefore, that a cause of action founded on such a contract is a "civil cause of admiralty and maritime jurisdiction," and exclusively cognizable in the federal courts, except in so far as the saving clause preserves to the suitor a common-law remedy as to the same cause of action.

It is true that no maritime lien arises on a contract for supplies furnished a vessel in her home port. Under the general maritime law a lien attaches for supplies furnished a vessel in any other than her home port, on the presumption that such supplies are furnished upon the credit of the vessel herself; but no lien, under such law, attaches for supplies furnished a vessel in her home port, as in that case the presumption is that the credit is given to the owner or master, and not to the vessel. In view of this state of the maritime law, the state legislatures passed laws, which, among other things, give to material men a lien upon a vessel for supplies furnished in her home port, and provide for a proceeding *in rem* against the vessel. Such is the boat lien law of this state: Hill's Code, §§ 3690–3706. In the absence of such local laws, the jurisdiction of admiralty and the state courts to enforce such contracts is concurrent. In either tribunal an action *in personam* may be brought upon them; in the federal courts, because they are maritime, and in the state court, because actions *in personam* and by proceedings in

attachment are common-law remedies. But neither court could exercise jurisdiction to enforce such contract by a proceeding *in rem*, because in the former there was no maritime lien, and in the latter for the reason that a proceeding *in rem* is not a common-law remedy, nor is the common law competent to give it. When a lien is given by the general maritime law, it is beyond question that a proceeding *in rem* is within the exclusive cognizance of the admiralty courts; but, as no maritime lien arises from a contract for supplies furnished to a domestic vessel, there is no lien to enforce by a proceeding *in rem*, unless it be given by a local or state law. Unless, therefore, there is a lien derived from either the maritime or local law, there can be no proceeding *in rem*. A lien is the foundation of such proceeding; so that, while a contract for supplies furnished a vessel in her home port is a maritime contract, over which admiralty has jurisdiction, yet there is no foundation for a proceeding *in rem* upon it, unless there is a lien created and given by the state law. It is not the fact that a lien exists by the local law, but the fact that the contract is maritime, which gives the federal courts jurisdiction. The state cannot confer jurisdiction upon them, nor create maritime liens so as to have that effect; but courts of admiralty, finding such liens to exist by force of the state law, and having jurisdiction of the contract upon which they are based, have given effect to them by applying the appropriate remedy peculiar to such courts. But it is said that the lien is a right of property, and not a mere matter of procedure, and that if the state has the power to create liens on such contracts, it ought to be competent to provide a mode for their protection, as by the proceeding *in rem*. It is, without doubt, ordinarily true that where there is the power to create a right, there is also the power to provide a remedy. But, where the contract is maritime, the juris-

diction of admiralty is exclusive under the judiciary act, except so far as common-law remedies are saved.   The proceeding to enforce a lien is not a common-law remedy. When, therefore, the contract being for supplies furnished a domestic vessel, is maritime, though the state may give a lien upon the vessel, it cannot provide a remedy *in rem* to enforce it, within the saving clause of that act.

How the exclusive jurisdiction of the federal courts is reconcilable with the authority of the state to create such liens, is not easy of solution.   "It is a question," RYAN, C. J., said, "with which the state courts have no concern." *Weston* v. *Morse*, 40 Wis. 455.   However that may be, the exclusive jurisdiction to inforce such liens by a proceeding *in rem* has been often asserted and sustained by the federal courts.   In *The Lottawanna*, 21 Wall. 580, the doctrine of the exclusive jurisdiction in the district courts of the United States was declared in the most emphatic terms.   The court says:   "It seems to be settled in our jurisprudence that, so long as congress does not interpose to regulate the subject, the rights of material men furnishing necessaries to a vessel in her home port may be regulated in each state by state legislation.   State laws, it is true, cannot exclude from the domain of admiralty jurisdiction, the contract for furnishing such necessaries, for it is a maritime contract, and they cannot alter the limits of that jurisdiction; nor can they confer it upon the state courts so as to enable them to proceed *in rem* for the enforcement of liens created by such state laws, for it is exclusively conferred upon the district courts of the United States.   They can only authorize the enforcement thereof by common-law remedies, or such remedies as are equivalent thereto.   But the district courts of the United States, having jurisdiction of the contract as a maritime one, may enforce liens given for its security, even when created by the state laws."   While it is true there are

some text writers who declare that such liens can be enforced by the state courts by a proceeding *in rem*, under authority of state statutes, (Abbott, Shipping, 143, note 3; 1 Parson's Maritime Law, 501, note 2,) and there are also some expressions by the supreme court of the United States from which the same view may be implied (*Norton* v. *Switzer*, 93 U. S. 365–6; *Johnson* v. *Chicago & Pacific Elevator Co.* 119 U. S. 388, 399, 7 Sup. Ct. Rep. 254,) yet we think the doctrine must be regarded as settled that liens granted by the state to material men for necessary supplies furnished a vessel in her home port are valid, though the contract to furnish the same is a maritime contract, and that they can only be enforced by proceeding *in rem* in the district courts of the United States: *The Moses Taylor*, 4 Wall. 411; *The Belfast*, 7 Wall. 624, 644; *Edwards* v. *Elliott*, 21 Wall. 532, 556; *The Madrid*, 40 Fed. 680; *U. S.* v. *B. & H. C. Ferry Co.* 21 Fed. 331; *Clyde* v. *Transportation Co.* 36 Fed. 503; *The Guiding Star*, 18 Fed. 263; *The John Farron*, 14 Blatchf. 26.

Rule twelve of the supreme court practice, as amended in eighteen hundred and seventy-two provides that, "In all suits by material men for supplies or repairs, or necessaries, the libellant may proceed against the ship and freight *in rem*, or against the master or owner *in personam.*" In *The Lottawanna*, 21 Wall. 580, it was held that this amendment restored the rule of eighteen hundred and forty-four, or rather as Mr. Justice BRADLEY said, in stating its effect, "we have made it general in its terms, giving to material men in all cases their option to proceed either *in rem* or *in personam.* Of course, this modification of the rule cannot avail where no lien exists; but where one does exist, no matter by what law, it removes all obstacles to a proceeding *in rem*, if credit is given to the vessel." And in another part of the opin-

ion, he says: "As to the recent change in the admiralty rule referred to, it is sufficient to say that it was simply intended to remove all obstructions and embarrassments in the way of instituting proceedings *in rem* in all cases where liens exist by law, and not to create any new lien, which, of course, this court could not do in any event, since a lien is a right of property, and not a mere matter of procedure." As a reason for the rule, or for the enforcement of state liens where the contract is maritime, it is said in *The Steamer St. Lawrence*, 1 Black, 530, that "The state lien was enforced, not as a right which the court was bound to carry into execution upon the application of the party, but as a discretional power which the court might lawfully exercise for the purpose of justice, where it did not involve controversies beyond the limits of admiralty jurisdiction." The state law does not confer jurisdiction on the federal court, but, as was said in *Ex Parte McNeil*, 13 Wall. 243, "A state law may give a substantial right of such a character that, where there is no impediment arising from the residence of the parties, the right may be enforced in the proper federal tribunal, whether it be a court of equity, of admiralty, or of common law. The statute in such cases does not confer the jurisdiction; that exists already, and it is invoked to give effect to the right by applying the appropriate remedy." But, whatever may be the origin of the practice, it seems to be well settled that, when the contract is maritime, and the maritime law does not give a lien, as for necessary supplies or repairs to the vessel in her home port, state statutes cannot confer jurisdiction by a proceeding *in rem*. In the majority of the state courts where the question has arisen, the decisions are adverse to jurisdiction to proceed *in rem*: *Warren* v. *Kelly*, 80 Me. 512, 15 Atl. Rep. 49; *The Petrel* v. *Dumont*, 28 Ohio St. 602; *Weston* v. *Morse*, 40 Wis. 455; *Sheppard* v. *Steel*, 43 N. Y.

52; *Pool* v. *Kermet,* 59 N. Y. 554; *M. B. & L. Association*
v. *Robertson,* 65 Ala. 382; *Waggoner* v. *St. John,* 10 Heisk.
503; *Walters* v. *The Mollie Tozier,* 24 Iowa, 192; *Marshall*
v. *Curtis,* 5 Bush, 615; *Dever* v. *The Hope,* 42 Miss. 715;
*Crawford* v. *The Caroline Reed,* 42 Cal. 469. *Contra:*
*Donnell* v. *The Starlight,* 103 Mass. 230; *Southern Dry*
*Dock Co.* v. *Gibson,* 22 La. Ann. 623; *Williamson* v. *Hogan,*
46 Ill. 504; *Mitchell* v. *The Magnolia,* 45 Mo. 67; *Atlantic*
*Works* v. *Tug Glide,* 157 Mass. 527, 33 N. E. Rep. 163. In
view of the authorities, we feel bound to hold that
the statute, so far as it authorizes a proceeding *in rem* in
the courts of this state for the enforcement of a lien for
necessary supplies furnished a vessel in her home port, is
in contravention of the laws and the constitution of the
United States, and invalid, and, as a consequence, that
the judgment in this case must be reversed.

REVERSED.

---

[Argued October 11; decided November 27, 1893; rehearing denied.]