Mr. Justice NELSON
 

 delivered the opinion of the court.
 

 This is an appeal from a decree of the Circuit Court of the United States for the northern district of California, in admiralty.
 

 The suit was a proceeding
 
 in rem
 
 against the Goliah, to recover the balance of an account for coal furnished the steamer while lying at the port of the city of Sacramento, in the months of October and November, 1855. The vessel, according to the averments in the libel, and which are not denied in the record,
 
 *250
 
 was engaged in the business of navigation and trade on the Sacramento river, exclusively within the State of California, and, of course, between ports and places of the same State. She was therefore engaged, at the time of the contract in question, in the purely internal commerce of the State, the contract relating exclusively to that commerce, and which does not in any way affect trade or commerce with other States.
 

 The court has held, in the case of Rufus Allen et. al.
 
 v.
 
 H. L. Newberry, at this term, that a contract of affreightment between ports and places within the same State was not the subject of admiralty jurisdiction, as it concerned the purely internal trade of a State, and that the jurisdiction belonged to the. courts of the State. That case occurred upon Lake Michigan, within waters upon which the jurisdiction of the court was regulated by the act of Congress of the 26th February, 1845; but the restriction of the jurisdiction by that act was regarded by the court as but declaratory of the law, and that it existed independently of that statute.
 

 The contract in that case, as we have said, was one of affreightment between ports of the same State; but we perceive no well-founded distinction between that and a contract for supplies furnished the vessel engaged in such a trade. They both concern exclusively the internal commerce of the State, and must be governed by the same principles.
 

 There certainly can be no good reason given for extending the jurisdiction of the admiralty over this commerce.’ From the case of Gibbon
 
 v.
 
 Ogden (9 Wheat., 194,) down to the present time, it has been conceded by this court that, according to the true interpretation of the grant of the commercial power in the Constitution to Congress, it does not extend to or embrace the purely internal commerce of a State; and hence that commerce is necessarily left to the regulation under State authority. . To subject it, therefore, to the jurisdiction in admiralty, would be exercising this jurisdiction simply in the enforcement of the municipal laws of the State, as these laws, under the conceded limitation of the commercial power, regulate the subject as completely as Congress does commerce
 
 *251
 

 “
 
 with foreign nations, and among the several States.” We are speaking of that commerce which is completely internal, and which does not extend to or affect other States, or foreign nations.
 

 We have at this term amended the 12th rule of the admiralty, so as to take from the District Courts the right of proceeding
 
 in rem
 
 against a domestic vessel for supplies and repairs which had been assumed upon the authority of a lien given by State laws, it being conceded that no such lien existed according to the admiralty law, thereby correcting an error which had its origin in this court in the case of the Gen. Smith, (4 Wheat., 439,) applied and enforced in the case of Peyroux and others
 
 v.
 
 Howard & Varion, (7 Peters, 324,) and afterwards partially corrected in the case of the steamboat New Orleans
 
 v.
 
 Phebus, (11 Peters, 175, 184.) In this last case, the court refused to enforce a lien for the master’s wages, though it had been given by the local laws of the State of Louisiana, the same as in the case of supplies and repairs of the vessel. We have determined to leave all these liens depending upon State laws, and not arising out of the maritime contract, to be enforced by the State courts.
 

 So in respect to the completely internal commerce of the States, which is the subject of regulation by their municipal laws ; contracts growing out of it should be left to be dealt with by its own tribunals.
 

 Por these reasons, we think the decree of the court below should be reversed, and the cause remitted, with directions to dismiss the libel.
 

 Mr. Justice WAYNE dissented.