ROBERT MITCHELL *et al.*, Respondents, *v.* THE STEAMBOAT MAGNOLIA, Appellant.

<div style="float:right">45   67<br/>42a   93</div>

1. *District Courts, jurisdiction of — Admiralty — Maritime liens.*—Maritime contracts, in the sense used in admiralty practice, and marine torts, in cases where a maritime lien arises, belong to the exclusive and original jurisdiction of the District Courts of the United States; and therefore those provisions in the statutes of this State which authorize actions *in rem* against vessels by name in such cases, are not sustainable.

2. *Admiralty — Steamboats, equipment of, at home port—Jurisdiction of State courts.* — The furnishing of the material for the equipment and outfit of a steamboat, at her home port, is not a regulation of commerce, nor a maritime contract, but such a contract as it is competent for the States to act upon, and to create such liens in relation to, as their Legislatures may deem just and expedient.

*Appeal from St. Louis Circuit Court.*

*Sharp & Broadhead*, for appellant.

*Rankin & Hayden*, for respondents.

The cause of action sued on, under the constitution and laws of the United States, is not within the jurisdiction of the Federal courts, but belongs purely to the State courts. (People's Ferry Co. v. Beers, 20 How. 393; Morewood v. Enequist, 23 How. 491; Roach v. Chapman, 24 How. 129; The Belfast, 7 Wall. 624, 646.)

WAGNER, Judge, delivered the opinion of the court.

The whole controversy in this case depends upon the jurisdiction of the State courts. The action was for materials furnished in fitting out and equipping the steamboat Magnolia, a vessel used in navigating the waters of this State, and duly enrolled at the port of St. Louis. It was a proceeding, pursuant to the statute, directly against the boat by name.

It is supposed that by the constitution and laws of the United States, and under recent decisions of the national tribunal, State courts are shorn of all power in proceedings of this nature, and on that theory the defense is based. State statutes authorizing proceeding *in rem* against vessels, for causes cognizable in

admiralty, are statutes conferring admiralty jurisdiction, and it is conceded that they are therefore unconstitutional.

Maritime contracts, in the sense used in admiralty practice, and marine torts, in cases where a maritime lien arises, belong to the exclusive and original jurisdiction of the District Courts of the United States, and, therefore, those provisions in the statutes of this State which authorize actions *in rem* against vessels by name, in such cases, are not sustainable.

The question, then, arises, is the subject-matter on which this suit is founded a maritime contract, which could only be prosecuted directly against the boat in the admiralty courts of this Union?  The articles were furnished and used in equipping the vessel and getting her ready to be put in service, and were a part of the necessary material for her construction.  By necessary and fair import they should be classed within the designation of building material.

It is said by a learned writer that the admiralty jurisdiction, in cases of contract, depends primarily upon the nature of the contract, and is limited to contracts, claims, and services purely maritime and touching rights and duties appertaining to commercial navigation.  ( 1 Conckl. M. L. 19.)  Accordingly, it has been held by the Supreme Court of the United States that the admiralty jurisdiction does not extend to cases where a lien is claimed by the builders of a vessel for work done and materials found in its construction.  (People's Ferry Co. v. Beers *et al.*, 20 How. 393.)  In the last case in which this vexed question was brought in review, the Supreme Court of the United States used the following language: "Authority does not exist in the State courts to hear and determine a suit *in rem* in admiralty to enforce a maritime lien.  Such a lien does not arise in a contract for materials and supplies furnished to a vessel in her home port; and, in respect to such contracts, it is competent for the States, under the decisions of this court, to create such liens as their Legislatures may deem just and expedient, not amounting to a regulation of commerce, and to enact reasonable rules and regulations prescribing the mode of their enforcement. Contracts for shipbuilding are held not to be maritime contracts,

and, of course, they fall within the same category; but in all cases where a maritime lien arises, the original jurisdiction to enforce the same by a proceeding *in rem* is exclusive in the District Courts of the United States, as provided in the ninth section of the judiciary act." (The Belfast, 7 Wall. 624.)

Such is the ultimate conclusion of the Supreme Court of the United States, after a most exhaustive consideration of the whole subject. The furnishing of the materials for the equipment and outfit of the boat, in this case, was not a regulation of commerce nor a maritime contract, but it was such a contract as the court holds it is competent for the States to act upon, and to create such liens as their Legislatures may deem just and expedient. I am accordingly of the opinion that the court below had jurisdiction, and advise that the judgment be affirmed.

Affirmed; the other judges concurring.