[No. 2,489.]

ANDREW CRAWFORD (DOING BUSINESS UNDER THE FIRM NAME OF A. CRAWFORD & CO.) v. THE BARK "CAROLINE REED," HER TACKLE, APPAREL, AND FURNITURE.

JURISDICTION AS TO MARITIME CONTRACT.—Where materials and supplies are furnished a domestic vessel at her home port, under a contract with the master of the vessel, the United States Courts have exclusive original jurisdiction of proceedings *in rem* to enforce a lien against the vessel for the same.

STATE LEGISLATION ON ADMIRALTY PROCEEDINGS.—The statute of this State, so far as it attempts to authorize proceedings *in rem* for causes of action cognizable in the admiralty, is unconstitutional.

APPEAL from the District Court of the Twelfth Judicial District, City and County of San Francisco.

The facts are stated in the opinion of the Court.

*McAllister & Bergin,* for Appellant.

The question involved is the constitutionality of the provisions of the Practice Act, under which the proceedings were instituted.

The presumption of law is, that every statute is constitutional and valid, and its invalidity can only be declared in cases free from all doubt. (*Bourland* v. *Hildreth,* 26 Cal. 227.)

This Court has decided that the statute in question was constitutional and valid, and the State Courts exercised lawful jurisdiction thereunder. (*Warner* v. *Uncle Sam,* 9 Cal. 647; *Ord* v. *Uncle Sam,* 13 Cal. 369; *Sheldon* v. *Uncle Sam,* 18 Cal. 562.)

The power of the Legislature over the forms of procedure and measure of the remedy is plenary. (*The People* v. *Steamer America,* 34 Cal. 680; *Keating* v. *Spink,* 3 Ohio St. 105; *Trevor* v. *Ad. Hine,* 17 Iowa, 350.)

The Federal Courts have repeatedly affirmed the constitutionality of similar statutes by administering and enforcing them. (*The General Smith,* 4 Wheat. 438; *The Robert Fulton,* 1 Paine, 620; *Peyroux* v. *Howard,* 7 Pet. 340; *Peoples' Ferry Company* v. *Beers,* 20 How. 395; *The Ship Harriet,* Olcott Rep. 231; *Roach* v. *Chapman,* 22 How. 129; 1 Pars. on Mar. Law, 498.)

The New York cases are opposed to the decisions of this Court already referred to, the following cases in Illinois, Missouri, and Indiana, as well as to the various decisions of the United States District, Circuit, and Supreme Courts, enforcing these State laws. (*Wyatt* v. *Stuckley,* 29 Ired. 279; *Cavender* v. *Fanny Barker,* 40 Mo. 235; *Boylan* v. *St. Bt. Victory,* id. 245.)

*Horne & Rosenbaum*, for Respondent, cited *The Moses Taylor*, 4 Wallace, U. S., 411; *The Hine* v. *Trevor*, 4 Wallace, U. S., 555; *The Belfast*, 7 Wallace, U. S., 624; *The Josephine*, 39 N. Y. 19; *Jackson* v. *The Propeller Kinnie*, 8 Am. Law Reg., N. S., 470; *Ferran & Lowndes* v. *Hosford & Goodrich*, 54 Barb. 200.)

Is the jurisdiction of the United States Court in actions against vessels by name, exclusive or concurrent? If we examine the Constitution and the several Acts of Congress under it, but one conclusion can be arrived at, namely: that the jurisdiction is exclusive.

Article five of the Constitution of the United States extends the jurisdiction of the Federal Court "to all cases of admiralty and maritime jurisdiction." It will be observed that in said article the word "all" is used in some cases, and in others omitted. It must be presumed that the framers of that instrument had an object in making that distinction. Justice STORY says, that where the word "all" is used in that instrument, it means exclusive; and where omitted, concurrent. (1 Wheaton, 334.)

Act of Congress, 24th September, 1789, gives to the District Court exclusive original cognizance in all cases of admiralty and maritime jurisdiction. Now if this Act of Congress giving to this District Court exclusive jurisdiction is constitutional, the Act of the State Legislature giving to State Courts concurrent jurisdiction must be unconstitutional. Whatever may have been the opinion of jurists heretofore, the case of *The Moses Taylor*, followed by that of *The Hine* v. *Trevor*; *The Belfast*, decided by the Supreme Court of the United States; the case of steamer *Josephine*, decided by the Court of Appeals of the State of New York, as well as that of the propeller *Kinnie* (in which case the Court, in speaking of *The Josephine* case, expressed its satisfaction that State Courts agree with Federal Courts in denying jurisdic-

tion in such action to State Courts), fully settles it in favor of the exclusive jurisdiction.

By the Court, TEMPLE, J.:

This is an action brought under section three hundred and seventeen of the Practice Act, to enforce a lien for materials for the equipment and repair, and supplies for the use of the bark Caroline Reed. The vessel is a domestic vessel, and San Francisco, where the cause of action arose, is her home port. Whether the vessel was engaged entirely in commerce between different ports of this State, or between ports of this State and places not within the State, does not appear from the averments of the complaint. A demurrer to the complaint was sustained on the ground that the statute under which the suit was brought is unconstitutional; and this appeal is from the judgment entered sustaining the demurrer.

The materials and supplies furnished are alleged to have been furnished under a contract with the master of the vessel, and I do not understand that it is denied that the contract was of a maritime nature, upon which suit might have been brought against the owners or against the master *in personam* in the Courts of admiralty.

The case of *The Moses Taylor*, 4 Wall. 411, was a case under this very statute, to enforce a lien arising upon the breach of a contract to convey the complainant from New York to San Francisco. The decision in this case, as I understand it, does not go to the extent of holding that the language of the Constitution itself, *ex vi termini*, vests in the Courts of the United States exclusive jurisdiction of all civil causes of maritime and admiralty jurisdiction, but holds that in all cases to which the judicial power of the United States extends, Congress may rightfully vest exclusive jurisdiction in the Federal Courts, "and that the Judiciary Act of 1789

vests in the District Courts exclusive jurisdiction of causes of action of this character." It is also held that the saving clause in the ninth section of the Judiciary Act is not a saving of a concurrent remedy in a common law Court, but the saving of a common law remedy. A proceeding *in rem* is not a common law remedy, and the statute of this State, as far as it attempts to authorize proceedings *in rem* for causes of action cognizable in the admiralty, is unconstitutional and void.

The case of *Hine* v. *Trevor*, 4 Wall. 555, decided at the same term, is to the same effect. It is there held that the grant to the District Courts of the United States of original admiralty jurisdiction is exclusive, not only of all other Federal Courts, but of the State Courts; and therefore State statutes which attempt to confer upon State Courts power to enforce a remedy by proceedings *in rem* for marine torts or contracts, are void. Both of these, however, were cases in which a maritime lien existed which could only be enforced in Courts of admiralty. The Legislatures of the States in which the actions were brought had attempted to create a statutory lien which should, in effect, take the place of the maritime lien previously existing. If this could be done, it would necessarily deprive the District Courts of much of the jurisdiction conferred upon them by the Judiciary Act, or, at least, would give the State Courts concurrent jurisdiction with them.

It is contended, however, that in the case at bar—there being no lien, by maritime law, for materials and supplies furnished at the home port—the statute does not trench at all upon the jurisdiction of the District Courts of the United States. The lien created is not a substitute for the lien existing by maritime law, but is made to meet a case where no such lien existed before. The Federal Courts cannot enforce this lien, for it is not a maritime lien.

This argument, it seems to me, overlooks the fact that the *cause of action* is not to enforce a lien, but to recover for materials and· supplies upon a maritime contract. The Admiralty Courts undoubtedly have jurisdiction to enforce this contract. The language of the Judiciary Act is not that the District Courts shall have exclusive, original cognizance of actions to enforce maritime *liens,* but of all civil causes of admiralty and maritime jurisdiction. The cause of action is the breach of the contract. For this an action lies in admiralty. It is the fact that it is a maritime contract which gives that Court jurisdiction, and not the fact that a maritime lien is to be enforced.

It being admitted that the cause of action in the case at bar is one of which the Courts of admiralty have jurisdiction, it must follow that their jurisdiction is exclusive, except so far as the State Courts are permitted to take jurisdiction by the saving clause in the ninth section of the Judiciary Act. It is remarked in each of the cases cited from 4 Wallace that this saving is not of a remedy in the common law Courts, but of a common law remedy. It must follow from this that whenever Courts of admiralty have jurisdiction of a cause of action, whether it affords a remedy *in rem,* or *in personam* merely, that jurisdiction is exclusive, except as to the common law remedy reserved by that Act.

This action is brought to obtain *relief* for the *breach* of a maritime contract, and the remedy given by the statute is not a common law remedy. This seems to me conclusive against the statute.

I see no reason to doubt the constitutionality of the statute, so far as it may be made applicable to causes of action which are not cognizable in Courts of admiralty. There is no objection to the law merely because it authorizes a suit against the vessel itself, except so far as the suit is upon a marine contract.

Judgment affirmed.