THE C. H. BURKE MFG. COMPANY, Respondent, v. THE STEAMBOAT, "A. SALTZMAN;" THE ST. JOSEPH RIVER TRANSPORTATION AND WOOD COMPANY, Appellants.

Kansas City Court of Appeals, November 10, 1890.

1. **Boats and Vessels :** PLEADING : SUFFICIENCY OF COMPLAINT. A complaint against a steamboat for repairs under the Missouri statute is well enough, which sets out with some particularity the nature of the claim, and is accompanied with a specific, itemized account attached to, and referred to in the body of, the complaint.

2. **Trial Practice**: MOTION TO MAKE MORE DEFINITE. If the complaint was not sufficiently definite, a motion to make more definite should be filed, and if this is not done the objection is waived.

3. **Boats and Vessels**: PLEADING: WATERS OF THE STATE. The words of the complaint, "that the said steamboat is a river craft propelled by steam, and operated on the Missouri river to and from St. Joseph, Missouri," necessarily imply that the steamer was used in navigating the waters of the state, and is a sufficient compliance with the statute.

4. ———: MARITIME LIEN: JURISDICTION OF STATE AND FEDERAL COURTS. For repairs or supplies to a vessel in a port other than its home port a case of general maritime jurisdiction arises for which a lien could be enforced alone in the federal courts; while on the other hand, if repairs, etc., are supplied at the home port, then such claim for a lien would be outside the pale of the general system of maritime law, and a suit might be prosecuted in such courts as might be provided by the state statutes.

5. ———: DEFINITIONS: HOME PORT. The home of a vessel is any port in the state in which the owner lives.

6. **Appellate Practice**: PRESUMPTIONS AS TO JURISDICTION. Where the record recites the introduction of testimony tending to sustain the issues on the part of plaintiff and a finding of all the issues for the plaintiff, it is assumed that the issue of jurisdiction raised by the pleadings was passed upon; besides, in the absence of an adverse showing, the appellate court is authorized to presume in favor of the jurisdiction of the trial court.

*Appeal from the Buchanan Circuit Court.*—HON. O. M. SPENCER, Judge.

AFFIRMED.

Statement of the case by the court.

The plaintiff, C. H. Burke Manufacturing Company, filed a complaint under the statute, Revised Statutes, 1889, chapter 20, against the steamboat, "A. Saltzman," her tackle, apparel and furniture, on account of labor done and materials furnished in the repairing, getting out, furnishing and equipping thereof; that the said steamboat, "A. Saltzman," is a river craft propelled by steam, and operated on the Missouri, to and from St. Joseph, Missouri, and that said labor was done and

materials furnished at the request of A. Saltzman, the master and one of the owners, and one Reame, also one of the owners of said boat, to the amount of $604.42, the particulars of all which, showing each and every item of date, and each particular value, are set forth in the account herewith filed, marked Exhibit "A," and made a part of the petition; that the same is due and unpaid. Prayer that a warrant shall issue for the seizure of said boat, etc., by statute in such case made and provided ; that said boat be condemned and sold, and proceeds applied to pay petitioner's debt, and for all proper orders and decrees. The petition was sworn to, and the complainant executed and filed a bond with the clerk. A warrant was issued to the sheriff, who seized the boat. A. Saltzman, master, executed a bond and obtained the discharge of the boat under Revised Statutes, section 783.

The "A. Saltzman" boat filed a demurrer to the petition, on the ground that the petition did not state facts sufficient to constitute a cause of action, and the circuit court had no jurisdiction of the proceeding, because it was a maritime contract, and the United States courts of admiralty had exclusive jurisdiction. The demurrer was overruled.

The St. Joseph River Transportation and Wood Company filed answer, alleging that it was a corporation; that it owned the boat, and that it was used for the transportation of goods, etc., exclusively upon the navigable lakes and rivers of the United States, etc. ; denied the jurisdiction of the circuit court, etc., and denied the matters contained in the petition. The plaintiff filed a reply. A jury was waived, and the case submitted to the court for trial. Plaintiff offered to introduce testimony in support of the issues on its part. The defendant and the St. Joseph River Transportation and Wood Company objected to any evidence on the part of the plaintiff for the reasons : *First.* That the court has no jurisdiction over the subject-matter ; that

it appears from the petition that the boat, "A. Saltz-man," is a water craft navigating the waters of the Missouri, a navigable stream, and that said cause of action comes within the exclusive jurisdiction of a federal, maritime or admiralty court. *Second*. That said petition does not state facts sufficient to constitute a cause of action, which objections were overruled and excepted to. The plaintiff then adduced evidence tending to sustain the issues upon its part, and the court found for plaintiff and rendered judgment. Defendants appeal.

*H. S. Kelley*, for appellants.

(1) The court erred in admitting any evidence, under the petition, over defendants' objection. This was a proceeding *in rem*, under Revised Statutes, 1889, chapter 20, against a steamboat, "A. Saltzman," for labor done and materials furnished for repairs, etc., on said boat. The complaint was insufficient. It did not "set forth the plaintiff's demand in all its particulars." The statute does not authorize a reference to a bill of items. The petition must set forth the demand in all its particulars. This is a statutory proceeding, and the statute must be strictly complied with. The complaint does not allege that the Missouri is a water of this state. (2) The court erred in admitting the evidence and in retaining the case and entering judgment therein over the objections of defendants, that the court had no jurisdiction. A contract for repairs and supplies is a maritime contract. *The General Smith*, 4 Wheat. ( U. S.) 438 ; *The Virgin v. Vylhins*, 8 Pet. ( U. S.) 538. And no state court can exercise jurisdiction *in rem* upon any maritime contract or tort, even if the right to the process *in rem* has been conferred by a state statute. *The Lottawana*, 21 Wall. ( U. S.) 558 ; *The Moses Taylor*, 4 Wall. ( U. S.) 411. Whenever a maritime lien exists, admiralty will enforce it by process *in*

The C. H. Burke Mfg. Co. v. The Steamboat, A. Saltzman.

*rem; i. e.,* seizure of the thing upon which the lien exists, and it is the only court that can do so. *Vande-water v. Mills,* 19 How. (U. S.) 82. The Revised Statutes of the United States, section 563, gives exclusive jurisdiction in admiralty to the various district courts of the United States, so that a state court cannot dispose of an admiralty suit. *The Hiner Trevor,* 4 Wall. (U. S.) 555. The maritime character of a contract may be determined by the place where it is executed, for, though agreements for repairs and supplies are ordinarily enforceable in admiralty, yet, if the repairs are made or the supplies furnished at the home port, that is, at the place where her owner, or, if more than one, her managing owner, resides, the action to enforce the lien may be brought in a state court under a state statute. *St. Louis v. Ferry Co.,* 11 Wall. (U. S.) 423; *Morgan v. Parham,* 16 Wall. (U. S.) 471; *The Martha Washington,* 1 Cliff. (U. S.) 463; *The Mary Chilton,* 4 Fed. R. 847; 6 Fed. R. 406. The petition must show the jurisdiction of the court. *Boon v. The Hornet,* Crabbe (U. S.) 426. And, in a contract for repairing or furnishing anything for a boat, it will be regarded as a maritime contract, unless it be alleged that the contract was for repairs made or supplies furnished at the home port of the boat, that is, where her owners or managing owner resides. This was not done.

*Lancaster, Hall & Pike,* for respondent.

(1) The first objection to the petition is untenable. The general character and the value of the services rendered by the petitioner were set out in the petition, and the particulars were shown by the itemized account referred to in the petition and attached thereto. This was sufficient. It was not necessary to set out the account in the body of the petition. R. S., secs. 773, 2075, 2047. But this objection comes too late, even if meritorious, to avail the appellants. It was not made in

the trial court at all. *Meyer v. McCabe*, 73 Mo. 236.
(2) The second objection that the petition does not
allege that the Missouri river is a water of this state is
equally untenable. R. S., sec. 2047 ; *Grove v. Kansas
City*, 75 Mo. 675 ; *Borie v. Kansas City*, 51 Mo. 460 ;
*Spurlock v. Railroad*, 93 Mo. 538. (3.) The third
objection, that the petition shows that the contract in
suit is a maritime contract, and within the exclusive
jurisdiction of the United States district court, is equally
with the other objections without any merit. *The
Albany*, 4 Dill. 439 ; *The General Smith*, 4 Wheat. 438 ;
*The Belfast*, 7 Wall. 643–645 ; *The Lottawana*, 21
Wall. 558 ; *The Glenmont*, 34 Fed. Rep. 402 ; *Cavender
v. Steamboat*, 40 Mo. 236 ; *Boylan v. Steamboat*, 40 Mo.
245 ; *Mitchell v. Steamboat*, 45 Mo. 67

GILL, J.—Defendants seek a reversal of the judg-
ment herein on two grounds, to-wit : *First*, the insuf-
ficiency of the complaint filed, and, *second*, a want of
jurisdiction in the court trying the cause.

I.   As to the form of the complaint, or petition,
two objections are suggested. It is urged, in the
first place, that the complaint is faulty in failing to
set out in the body of the same the various items
which go to make up the account sued on. The stat-
ute providing for such an action ( R. S., sec. 773 )
requires that " the complaint, or other lawful statement
of the cause of action, shall set forth the plaintiff's
demand in all its particulars," etc. In the case
now before us, plaintiff's petition does set out with
some particularity the nature of the claim, and is accom-
panied with a specific, itemized account attached to,
and referred to, in the body of the complaint. The
petition well stands the test of our practice act, and we
see no reason to condemn it in this character of cases.
Besides, it is now too late to insist upon such a defect
( if defect it is ). If the complaint was not sufficiently
definite, motion should have been made in the trial court

to require a more specific particular account to be set out. As this was not done, the alleged defect was thereby waived. *Meyer v. McCabe*, 73 Mo. 236. Equally without merit is the objection that the petition does not, in terms, allege that the Missouri river is a "water of this state." True it is, that the statute provides for such liens as this only as against boats, etc., "used in navigating the waters of this state." While now plaintiff's petition does not in these exact words allege the Missouri to be a water of this state, such *facts* are alleged which show it to be a water of this state. The words of the complaint are: "That the said steamboat, 'A. Saltzman,' is a river craft propelled by steam, and operated on the Missouri to and from St. Joseph, Missouri." The navigation of the Missouri river to and from St. Joseph, in the state of Missouri, is a navigation of a water of this state. *Swearingen v. Steamboat*, 13 Mo. 579. Although not in direct terms alleged, it is necessarily implied from what is alleged, that the steamer, "A. Saltzman," was used in navigating the waters of this state, and this is sufficient. *Grove v. City of Kansas*, 75 Mo. 675.

II. The remaining point urged by the defense is that the courts of this state have no jurisdiction to enforce a lien of this nature which counsel for defendant denominates a "maritime lien." This is claimed to be a case of "admiralty and maritime jurisdiction," over which the federals courts alone have jurisdiction as provided by section 2 of article 3, constitution of the United States. It must be conceded that, if this controversy comes within the class of cases named in this section of the federal constitution, then the jurisdiction of the courts of the United States attaches and is exclusive of the state courts. *In matter of The General Smith*, 4 Wheat. 438; *The Lottawana*, 21 Wall. 558; *The Moses Taylor*, 4 Wall. 411.

By the "cases of admiralty and maritime jurisdiction," named in the constitution of the United States, is

meant that general system of maritime law which was, at the adoption of the federal constitution, understood by the lawyers and the courts to come within that term, and it is settled, by a long line of decisions in the federal and state courts, that under that general system of maritime law, no lien could be enforced against a vessel in its home port for repairs and supplies there furnished. The reason assigned for this construction rests on the assumed fact that when such repairs were done, or supplies furnished at the home port, credit was given on the personal responsibility of the vessel's owner, whereas when such supplies, etc., were furnished the vessel in some foreign port the craft itself was relied on; that at the home port the owner could be sued personally, and a personal judgment rendered, whereas in a foreign port there was nothing in the jurisdiction of the claimant's court except the vessel, and, therefore, by virtue of a necessity the party furnishing repairs, etc., was permitted a lien against the *rem*. *The Lottawana case, supra; The Albany*, 4 Dill. 439. It follows then, from what has already been said, that for repairs, or supplies, to the vessel in a port other than its home port, a case of general maritime jurisdiction arose for which a lien could be enforced alone in the federal courts; while on the other hand if the repairs, etc., were supplied at the home port then such claim for a lien would be outside the pale of that general system of maritime law, and a suit might be prosecuted in such courts as might be provided by the state statutes. Authority does not exist in the state courts to hear and determine a suit *in rem* in admiralty to enforce a maritime lien (properly so called). But it must be remembered that "such a lien does not arise in a contract for materials and supplies furnished to a vessel in her home port, and in respect to such contracts it is competent for the states to create such liens as their legislatures may deem it just

and expedient, and to enact rules and regulations pre-scribing the mode of their enforcement. *The Belfast,* 7 Wall. 625–645 ; *Cavender v. Steamboat,* 40 Mo. 236 ; *Mitchell v. Steamer,* 45 Mo. 67.

Applying now the foregoing rules to this case, if the plaintiff's account for supplies and repairs was furnished the steamboat, "A. Saltzman," at its home port, then it is not a case for the enforcement of a maritime lien under the general admiralty law over which the United States courts have jurisdiction, but comes within the provisions of our state statute for the enforcement of a lien as provided by chapter 20, Revised Statutes, 1889. The home port of the defend-ant was any port in the state in which the owner lived. *The Albany,* 4 Dill. 439. We are not furnished with the evidence as produced at the trial, nor with a ver-batim copy of the pleadings. We are warranted, however, in the assertion that evidence was submitted to the court tending to prove that St. Joseph, Missouri, was the home port of the boat sought to be charged, since by defendants' abstract it is said that the "plaintiff adduced before the court testimony tending to sustain the issues upon the part of the plaintiff," etc. And since upon this evidence the court found all the issues for the plaintiff we assume that this particular issue was found in favor of plaintiff. Moreover, in the absence of an adverse showing we are authorized to presume in favor of the jurisdiction of the trial court. Waples on Proceedings in Rem., secs. 89–107 ; *Huxley v. Harrold,* 62 Mo. 523 ; *Dingee v. Kearney,* 2 Mo. App. 523.

There appearing no reason, therefore, for disturbing the judgment of the circuit court the same is affirmed. All concur.