## ATLANTIC WORKS *vs.* TUG GLIDE AND OWNERS.

Suffolk.    May 31, 1892. — January 4, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP,
& BARKER, JJ.

*Lien for Repairs on a Vessel — Statute — Jurisdiction.*

A petition was brought under the Pub. Sts. c. 192, § 17, to enforce a lien given by
§ 14 of the same chapter, for repairs furnished a tug-boat in her home port. A
motion to dismiss for want of jurisdiction was allowed by the Superior Court.
*Held,* that that court had a right to exercise the jurisdiction which the statute
purported to confer upon it. MORTON & KNOWLTON, JJ. dissenting.

HOLMES, J.   This is a petition under Pub. Sts. c. 192, § 17,
to enforce a lien given by § 14 of the same chapter, for repairs
furnished to a vessel — in this case a tug-boat — in her home
port. The respondents filed a motion to dismiss for want of juris-
diction, which was allowed by the Superior Court. The only
question is whether the Superior Court has a right to exercise
the jurisdiction which the statute purports to confer upon it.

There is no doubt that, when the maritime law gives a lien
and a proceeding *in rem*, a State statute cannot give the State
courts concurrent jurisdiction by professing to create a similar
statutory lien. The attempt to do so would be contrary to U. S.
Rev. Sts. § 563, cl. 8, and U. S. Rev. Sts. § 711, cl. 3; and the
State law would be void. *The Hine* v. *Trevor,* 4 Wall. 555, 569.
*The Moses Taylor,* 4 Wall. 411. *The Belfast,* 7 Wall. 624.

Most of the later decisions and dicta go further, and deny the
power of State statutes to confer jurisdiction of a proceeding *in
rem* upon the State courts, even when the maritime law does not
give a lien, if the contract secured by the statutory lien is mari-
time, as in the case of repairs to a vessel in her home port.
*Warren* v. *Kelley,* 80 Maine, 512.   *Weston* v. *Morse,* 40 Wis. 455.
*Steamer Petrel* v. *Dumont,* 28 Ohio St. 602.   *Crawford* v. *The
Bark Caroline Reed,* 42 Cal. 469.   *Dever* v. *Steamboat Hope,* 42
Miss. 715.   *In re Steamboat Josephine,* 39 N. Y. 19.   *Sheppard* v.
*Steele,* 43 N. Y. 52.   *Brookman* v. *Hamill,* 43 N. Y. 554, 557.
*Poole* v. *Kermit,* 59 N. Y. 554.   *The John Farron,* 14 Blatchf.
24, 26.   *The Guiding Star,* 18 Fed. Rep. 263, 267.   *The Madrid,*
40 Fed. Rep. 677, 680.

On the other hand, there are decisions and dicta the other way, including one case in this court. *Donnell* v. *The Starlight*, 103 Mass. 227, 230. *Southern Dry Dock Co.* v. *Gibson*, 22 La. An. 623. *Williamson* v. *Hogan*, 46 Ill. 504. *Mitchell* v. *The Steamboat Magnolia*, 45 Mo. 67. *Boylan* v. *The Steamboat Victory*, 40 Mo. 244.

The Supreme Court of the United States has given no decision upon the question. Had it done so, of course we should defer to its authority upon a matter of which it is the final judge. But until there is a direct adjudication by the only tribunal whose decision is an authority, we feel bound to exercise our own judgment upon the merits of the case. The dicta which have been uttered in rendering decisions of the Supreme Court have not been consistent. In *The Lottawanna*, 21 Wall. 558, 580, the jurisdiction of the State courts is denied. In earlier cases, and, if we interpret their language rightly, in later ones, it is said or implied that the State courts can act. *Johnson* v. *Chicago & Pacific Elevator Co.* 119 U. S. 388, 399. *Norton* v. *Switzer*, 93 U. S. 355, 365, 366. *The Belfast*, 7 Wall. 624, 645, 646. *The Steamer St. Lawrence*, 1 Black, 522, 530, 531. *Maguire* v. *Card*, 21 How. 248, 251.

The ground for denying the jurisdiction when the maritime law gives a lien is wanting here. The ground in that class of cases, as has been stated again and again, is that the State law purporting to create a parallel lien and a parallel jurisdiction is void; *The Hine* v. *Trevor*, 4 Wall. 555, 569; *The Belfast*, 7 Wall. 624, 644; *Johnson* v. *Chicago & Pacific Elevator Co.* 119 U. S. 388, 397; but it has been decided, and it still is assumed by the Supreme Court of the United States, that State laws creating liens like the one before us are valid, and, whatever might be our opinion were the question open to us, we proceed on that assumption without argument. *Peyroux* v. *Howard*, 7 Pet. 324. *The Steamer St. Lawrence*, 1 Black, 522. *Ex parte McNiel*, 13 Wall. 236, 243. *The Lottawanna*, 21 Wall. 558, 581. *The Corsair*, 145 U. S. 335, 347.

If the statute creating the lien is valid, then it would be strange, to say the least, if the law which creates a right were incompetent to protect it, and we are justified in looking with some nicety at an argument which leads to that result. The

main argument against the jurisdiction seems to be that the lien derives its quality from the contract, and that, as the latter is maritime, the former must be, and, as a maritime lien, solely within the jurisdiction of the District Court: or that the statute giving the District Courts jurisdiction "of all civil causes of admiralty and maritime jurisdiction" excludes the State courts from all proceedings in aid of a maritime contract except such as fall within the description of "a common law remedy," in the saving clause ; and that proceedings *in rem* to enforce the statutory lien are a remedy for the enforcement of the contract secured by the lien.

But if the lien created by the State law were maritime in a strict sense, it would be the duty, and not merely the right, of the admiralty courts to enforce it. We do not understand the Supreme Court of the United States to assert the right to abolish libels *in rem* generally by rule. Yet in the successive changes of the twelfth admiralty rule it has asserted and exercised the right to regulate and to permit or to deny proceedings *in rem* in the admiralty to enforce liens of domestic materialmen. Moreover, as was said in *The Belfast*, 7 Wall. 624, 644, "State legislatures have no authority to create a maritime lien"; and that proposition, as we have observed above, was the ground of decision in that class of cases.

Again, if the lien were a mere matter of remedy, and were simply a right to a proceeding *in rem* as a mode of enforcing the contract to which it is attached, then, if the State law purported to attach one to a maritime contract, it would be equivalent to saying that there shall be a process *in rem* in the admiralty in suits to enforce such contracts, and the question would arise how a State legislature could impose a new process upon a court outside of its power. Traces of such a doubt are to be seen occasionally. *The Red Wing*, 14 Fed. Rep. 869, 871. *In re The Ship Edith*, 11 Blatchf. 451, 454, and 94 U. S. 518. Compare *The Milford*, Swabey, 362. Yet the Supreme Court sustains the law, as has been shown, and under the present twelfth admiralty rule the United States admiralty courts may take jurisdiction to enforce the lien.

We do not understand that the Supreme Court ever has intimated that the operation of the State law is dependent upon

the admiralty rule for the time being; so that when the District Courts do not enforce the lien the State courts may do so, but when a rule like the present is in force the Legislature cannot give them jurisdiction. We understand that, if the Legislature has the power at any time, it has it, whatever the admiralty rule may be.

It appears to us that the decisions sustaining the law and the power of the admiralty court to take jurisdiction under it are grounded on the assumption that such a lien is not a mere matter of remedy, but is a right of property, and as such is distinct from the proceeding *in rem* by which it is enforced. *Rock Island Bridge*, 6 Wall. 213, 215. *The Maggie Hammond*, 9 Wall. 435, 456. *Ex parte McNiel*, 13 Wall. 236, 243. *The Lottawanna*, 21 Wall. 558, 579. *The Young Mechanic*, 2 Curt. C. C. 404. *The Barque Havana*, 1 Sprague, 402. *The Mary Ann*, L. R. 1 Adm. & Eccl. 8, 11. *The Two Ellens*, L. R. 4 P. C. 161. If this be so, it no more follows from the fact that the contract may give rise to a "civil cause of admiralty jurisdiction" that enforcement of the lien is such a cause than it follows that the foreclosure of a mortgage given to secure the same contract would be, nor does it seem to us to matter that the mode of enforcement is by a proceeding *in rem*. State courts can enforce liens not maritime by proceedings *in rem*. *Foster* v. *The Richard Busteed*, 100 Mass. 409. *McDonald* v. *The Nimbus*, 137 Mass. 360. *Edwards* v. *Elliott*, 21 Wall. 532.

It may be asked how, if the lien is not maritime, the admiralty courts can be justified in enforcing it. It may be, as suggested by Bradley, J., in *The Lottawanna*, 21 Wall. 558, 580, that the United States courts did so in imitation of the Colonial courts upon succeeding to them, and that the answer is to be sought in history rather than in logic. Of course, such liens would be recognized in any event when law and justice required it in the distribution of proceeds. *The Harrison*, 2 Abbott, (U. S.) 74. *The Cargo ex Galam*, 2 Moore P. C. (N. S.) 216, 236.

In the absence of convincing reasons or binding authority the other way, we feel bound to follow the case of *Donnell* v. *The Starlight*, 103 Mass. 227, 230, to the full extent of the proposition there laid down as settled, — " that the courts of a State have jurisdiction to enforce liens, created by its laws, for labor

and materials furnished in constructing or repairing domestic vessels."

*Decree dismissing the petition reversed, and motion overruled.*

MORTON, J. I regret that I am unable to agree with the majority of the court. Though a statute like that now in force, and under which this suit is brought, has been upon our statute-books since 1855, (St. 1855, c. 231,) and has been applied often by our courts, I do not think the law upon the question now presented has been settled so firmly by this court that we should feel obliged to follow it if, on principle, and according to the weight of authority elsewhere, the position of the respondents seems to be sound. Apparently the question was regarded as an open one in the last case in which it came before this court. *McDonald* v. *The Nimbus,* 137 Mass. 360, 363. The court said in that case: " We do not find it necessary to determine whether, under the existing decisions of the Supreme Court of the United States, and the existing admiralty rules, this court has jurisdiction to enforce a lien created by the statutes of this Commonwealth for materials used or labor performed in repairing a domestic vessel." In the case of *Donnell* v. *The Starlight,* 103 Mass. 227, on which the opinion of the majority of the court relies, the question does not seem to have been much considered.

It is provided by the statutes of the United States that the District Courts shall have jurisdiction, exclusive of the courts of the several States, of " all civil causes of admiralty and maritime jurisdiction ; saving to suitors in all cases the right of a common law remedy, where the common law is competent to give it." U. S. Rev. Sts. § 563, cl. 8. U. S. Rev. Sts. § 711, cl. 3. Under these provisions the State courts can take jurisdiction of civil maritime causes only so far as to enforce common law remedies which the common law is competent to give. No State can give its courts any other power over them.

There can be no doubt that a contract to repair a domestic vessel is a maritime contract. If, in the uncertainty which prevailed as to the extent of the admiralty jurisdiction, doubts existed upon that point, they have disappeared, and it is now well settled that such is its character. *Peyroux* v. *Howard,* 7 Pet. 324. *Steamboat Orleans* v. *Phœbus,* 11 Pet. 175, 183. *The Steamer St. Lawrence,*

1 Black, 522, 529.   *The Lottawanna,* 20 Wall. 201, 219, and 21
Wall. 558, 580.   See *Maguire* v. *Card,* 21 How. 248; *The Mad-
rid,* 40 Fed. Rep. 677; *Steamer Petrel* v. *Dumont,* 28 Ohio St. 602.
A cause of action arising upon such a contract is therefore a civil
cause of maritime jurisdiction, and exclusively cognizable in the
District Courts, except so far as the common law is competent to
give the suitor a common law remedy.   To that extent, and that
only, he may resort to the State courts.   In this case the lien and
the proceedings by which it is sought to enforce it are not com-
mon law remedies, nor is the common law competent to give them.
*The Steamboat General Buell* v. *Long,* 18 Ohio St. 521.   They
are the creations of a State statute.   *McCarthy* v. *Neu,* 93 Ill.
455.   *Trask* v. *Searle,* 121 Mass. 229.   There would seem to be
no doubt that a State legislature may give to parties furnishing
labor and materials in repairing a domestic vessel a lien for the
same, and may provide by proceedings *in personam* and by process
of attachment for its enforcement.   *Leon* v. *Galceran,* 11 Wall.
185, 191, 192.   *Johnson* v. *Chicago & Pacific Elevator Co.* 119 U. S.
388, 399.   *Warren* v. *Kelley,* 80 Maine, 512.   *Waggoner* v. *St.
John,* 10 Heisk. 503.   *Marshall* v. *Curtis,* 5 Bush, 607, 615.   *Wight*
v. *Maxwell,* 4 Mich. 44, 54.   *Walters* v. *The Steamboat Mollie
Dozier,* 24 Iowa, 192.   Process *in personam* and process of attach-
ment are common law remedies.   Or the Legislature may give
the right to a lien, and leave the parties to seek its enforcement
in the District Court, where the contract on which it is based is
cognizable, and where the rules now admit of the enforcement of
such a lien.   The maritime law as administered in this country
does not give a lien for supplies, labor, or materials furnished in
repairing a vessel in her home port, and there would seem to be
no valid objection to a State legislature giving one, at least till
Congress acts on the matter, though a doubt has been intimated
on the subject.   Cases *supra.*   *Butler* v. *Boston & Savannah Steam-
ship Co.* 130 U. S. 527, 558.   But a State legislature cannot give
a right of lien to a maritime contract, and provide for its enforce-
ment by proceedings which are to all intents and purposes peculiar
to admiralty courts, and which the common law is wholly incom-
petent to give.   *The Madrid, ubi supra.   United States* v. *Burling-
ton & Henderson County Ferry Co.* 21 Fed. Rep. 331, 337.   *The
Steamboat General Buell* v. *Long, ubi supra.   Wight* v. *Maxwell,*

*ubi supra. Waddell* v. *The Steamer Daisy*, 2 Wash. T. 76, 80. That is not saving to suitors common law remedies which the common law is competent to give. It is giving them legislative remedies in common law courts, which are not what is saved. If it were, then State legislatures could create liens based on maritime contracts, and provide for their enforcement by proceedings *in rem* in cases where the maritime law also gave a lien and proceedings *in rem*. It is admitted that they cannot do so. Still further, if a State can give a lien to a maritime contract where none exists by the maritime law, and provide for its enforcement by proceedings *in rem* in its own courts, it follows that the exclusive jurisdiction of the District Courts is limited in all cases arising upon maritime contracts to those in which a lien enforceable by proceedings *in rem* is given by the maritime law; and the question of exclusive jurisdiction is made to turn in each case, not on the question whether the cause of action arises upon a maritime contract, but on the question whether by the maritime law a lien enforceable by proceedings *in rem* is attached to it. I think such a construction is unwarranted.

Whatever may be the case regarding liens created by the maritime law or the common law, the lien created by the statute in this case is in the nature of a remedy designed to secure the performance of the contract on which it is based. *Mobile Building & Loan Association* v. *Robertson*, 65 Ala. 382. *Crawford* v. *The Bark Caroline Reed*, 42 Cal. 469. *Roberts* v. *Jacks*, 31 Ark. 597. *The Steamer Petrel* v. *Dumont, ubi supra. Hall* v. *Bunte*, 20 Ind. 304. *Bolton* v. *Johns*, 5 Penn. St. 145. *Frost* v. *Ilsley*, 54 Maine, 345. *Barrows* v. *Baughman*, 9 Mich. 213. It is wholly unlike a mortgage or any other contract between the parties. The statute could be repealed without affecting the obligation of the contract, saving only rights which had become vested by compliance with its terms. It is like the lien given by an attachment of real estate. Any other view makes the lien instead of the contract on which it is based, and whose performance it is intended to secure, the substantive cause of action. See Phillips on Mech. Liens, (2d ed.) §§ 9, 24, where the matter is considered and the authorities are collected. Whether the contract is maritime does not depend on the question whether it can be enforced by a lien and proceedings *in rem*, but on the nature and subject

matter of it. *Insurance Co.* v. *Dunham,* 11 Wall. 1. *People's Ferry Co.* v. *Beers,* 20 How. 393, 401. *Walters* v. *The Steamboat Mollie Dozier, ubi supra.* If its nature and subject matter make it maritime, then proceedings to enforce it are exclusively cognizable in the District Courts, except as to the common law remedies saved to suitors.

Liens given by State laws to parties furnishing labor and materials in repairing domestic vessels have long been enforced by the District Courts. Their enforcement has been sustained by the Supreme Court of the United States. *Peyroux* v. *Howard, ubi supra. The Lottawanna,* 21 Wall. 558, 580. *The Corsair,* 145 U. S. 335, 347. But they have not been enforced by the District Courts because the State laws could confer jurisdiction upon them, or could create maritime liens. They could not do either. *The Belfast,* 7 Wall. 624, 644. *Ex parte McNiel,* 13 Wall. 236, 243. *Edwards* v. *Elliott,* 21 Wall. 532, 556. Neither have they been enforced as a matter of right on the part of the suitor, and because the District Courts were bound to enforce them, which would be only another way of saying that the State laws could create maritime liens and confer jurisdiction on the District Courts. *The Steamer St. Lawrence,* 1 Black, 522, 528. But the State legislatures having given to certain maritime contracts a lien in the nature of a maritime lien, though, strictly speaking, not such, the District Courts, which had cognizance of the contracts on which such liens were based, and whose performance they were designed to secure, have enforced them in the interests of justice. *The Steamer St. Lawrence, supra. The Samuel Marshall,* 49 Fed. Rep. 754, 758. *Weston* v. *Morse,* 40 Wis. 455. *Crawford* v. *The Bark Caroline Reed,* 42 Cal. 469. *Warren* v. *Kelley,* 80 Maine, 512. *Hamilton* v. *Merril,* 25 Ohio St. 11. *Case* v. *Woolley,* 6 Dana, 17. *Wight* v. *Maxwell, ubi supra.* Finding the liens in existence, and within their power to enforce, the District Courts have enforced them on the same principle on which they have enforced liens given by foreign laws. *The Maggie Hammond,* 9 Wall. 435. *The Barque Havana,* 1 Sprague, 402. *Ex parte McNiel,* 13 Wall. 236, 243. *The Schooner Columbus,* 5 Sawyer, 487, 488. This was not a conferring of jurisdiction on the District Courts by the State or foreign laws. The jurisdiction, as said in *Ex parte McNiel, supra,* existed already, and was

invoked to give effect to the right by applying an appropriate remedy. Whether the lien created by the State law could be enforced *in rem* in the District Courts was a matter of practice, and not of right on the part of the suitor; and it was within the power of the Supreme Court of the United States to provide by its rules whether such liens could or could not be enforced in the District Courts by proceedings *in rem*. *The Steamer St. Lawrence, supra.* U. S. Rev. Sts. §§ 917, 918. The fact that the Supreme Court did not provide for their enforcement by proceedings *in rem* in the District Courts would not enlarge the power of State legislatures to provide for their enforcement by remedies which the common law was not competent to give.

It is not remarkable that in our system of Federal and State courts there should be some matters in regard to which State legislatures might create a right which could not be enforced in the State courts in a certain mode, but could in the District Courts; or that they should be able to give a right not enforceable in the State courts, but which could be enforced in the District Courts. The first statute in this State giving a lien for repairs on domestic vessels furnishes an illustration of the latter. St. 1848, c. 290. No remedy was given, and it was evidently expected that resort would be had to the District Courts, whose rules then permitted such liens to be enforced by proceedings *in rem*. It was said formerly that liens like this could be enforced by State courts by proceedings *in rem*, under statutes giving them such authority; Abbott on Shipping, (7th Am. ed.) 143, note 3. 1 Parsons Marit. Law, 501, note 2; 2 Parsons Marit. Law, 640; and there are some expressions by the Supreme Court of the United States to the same effect. *Norton* v. *Switzer*, 93 U. S. 355, 365, 366. *Johnson* v. *Chicago & Pacific Elevator Co.* 119 U. S. 388, 399. But the latest case (*The Lottawanna*, 21 Wall. 558, 580) in which the question has been considered holds that they cannot; and such appears to me to be the result of the later decisions in that court, though in some of them it should be said that there was a lien by the admiralty law. *The Hine* v. *Trevor*, 4 Wall. 555, 571, 572. *The Moses Taylor*, 4 Wall. 411. *The Belfast*, 7 Wall. 624, 644. *Edwards* v. *Elliott*, 21 Wall. 532, 556. *Leon* v. *Galceran*, 11 Wall. 185. Two of the justices of that court on circuit have taken that view of the law; *The Guiding*

*Star,* 18 Fed. Rep. 263, Justice Matthews; *The Madrid,* 40 Fed. Rep. 677, Justice Lamar; and so have the judges of various Circuit and District Courts. In other States where the question has arisen, the great weight of authority is opposed to the exercise of such jurisdiction by the State courts. *Warren* v. *Kelley,* 80 Maine, 512. *Weston* v. *Morse,* 40 Wis. 455. *Steamer Petrel* v. *Dumont,* 28 Ohio St. 602. *Crawford* v. *The Bark Caroline Reed,* 42 Cal. 469. *Dever* v. *Steamboat Hope,* 42 Miss. 715. *In re Steamboat Josephine,* 39 N. Y. 19. *Sheppard* v. *Steele,* 43 N. Y. 52. *Poole* v. *Kermit,* 59 N.Y. 554. *The John Farron,* 14 Blatchf. 24, 26. *United States* v. *Burlington & Henderson County Ferry Co.* 21 Fed. Rep. 331, 337. *Waggoner* v. *St. John,* 10 Heisk. 503. *Marshall* v. *Curtis,* 5 Bush, 607. *Wight* v. *Maxwell,* 4 Mich. 44. *Walters* v. *The Steamboat Mollie Dozier,* 24 Iowa, 192. On principle and authority, therefore, I think that the ruling was right.

KNOWLTON, J. concurs in this opinion.

*R. W. Foster,* for the petitioner.

*E. P. Carver,* (*E. E. Blodgett* with him,) for the respondents.