ATLANTIC WORKS *vs.* TUG GLIDE AND OWNERS.

Suffolk.     March 20, 1893. — May 16, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & LATHROP, JJ.

*Lien for Repairs on a Vessel — Constitutional Law — Former Judgment in the same Cause.*

Where an exception was disposed of by a former judgment of the court in the same cause, the court declared that it felt compelled to adhere to its opinion.

PETITION, under Pub. Sts. c. 192, § 17, to enforce a lien given by § 14 of that chapter for repairs furnished to a tug-boat in her home port.

At the trial in the Superior Court, before *Bond,* J., it appeared that the tug Glide was a vessel owned in Boston, and engaged in towing vessels in and out of the harbor of Boston to the neighboring ports. The lien claimed under the statute was for labor and materials furnished in repairing the vessel by the petitioners at her home port. The respondents asked the judge to rule that, inasmuch as this was an action *in rem* against the tug Glide, the Superior Court had no jurisdiction, the said statute being contrary to the Constitution of the United States, inasmuch as under the Constitution of the United States full admiralty jurisdiction was given to the United States courts; but the judge ruled that the Superior Court had jurisdiction, to which ruling the respondents excepted.

The judge found for the petitioner, and directed a sale of the tug under the provisions of the statutes; and the respondents alleged exceptions.

*R. W. Foster,* for the petitioner.

*E. P. Carver,* (*E. E. Blodgett* with him,) for the respondents.

HOLMES, J.   This exception is disposed of by our former judgment in the same cause.   157 Mass. 525.   The later decision by the Supreme Court of the United States in *The J. E. Rumbell*, 148 U. S. 1, contains some expressions contrary to our conclusion, but, as the point adjudicated is consistent with it, we feel compelled to adhere to our opinion.          *Exceptions overruled.*