72 U.S. 660
 18 L.Ed. 678
 5 Wall. 660
 THE MILWAUKEE RAILROAD Co.
v.
SOUTTER AND KNAPP.
 December Term, 1866
 
 APPEAL from the Circuit Court of the United States for the district of Wisconsin.
 This was an appeal by the Milwaukee and Minnesota Railroad Company from an order of court confirming a sale made by the marshal under a decree of foreclosure of a mortgage on the western division of the La Crosse and Milwaukee Railroad.
 The facts out of which the appeal grew were these: The original decree of foreclosure was rendered by the District Court of Wisconsin, then possessing full Circuit-Court powers, on the 13th of January, 1862; and on the 2d of October, 1862, the marshal made a sale under that decree. In the meantime, to wit, on the 15th July, 1862, Congress, by an act of that date, had established a Circuit Court for the district of Wisconsin, whereby all causes then pending in the District Court, which might have been brought, or which could have been originally cognizable in a Circuit Court, were transferred to the Circuit Court; and the District Court was deprived of all Circuit-Court powers. The marshal therefore returned the report of his sale into the Circuit Court. This was on the 6th day of October, 1862.
 After several orders partially confirming the sale, the Circuit Court, January 17th, 1863, set it aside, and ordered the marshal to sell again according to the original decree. On the 25th of April, thereafter, the marshal made another sale.
 Congress, however, on the 3d March, 1863, had passed a statute authorizing the District Courts where they had rendered final judgments or decrees, prior to the act of July 15th, 1862, in cases which might have been brought, and could have been originally cognizable in a Circuit Court, 'to issue writs of execution or other final process, or to use such other powers and proceedings as might be in accordance with law, to enforce the judgments and decrees aforesaid.' Acting under this law, the marshal reported this sale to the District Court, and that court made an order of confirmation. The appellants here, applied to the Circuit Court for a rule on the marshal to make a report of his sale to that court, which application was refused.
 They now appealed from these orders of the Circuit and District Courts, and sought their reversal, on the ground that the District Court had no power to act in the matter of the confirmation of the sale, and that it properly belonged to the Circuit Court.
 Messrs. Cram and Cushing, for the appellants; Messrs. Cary and Carlisle, contra.
 Mr. Justice MILLER delivered the opinion of the court.
 
 
 1
 The decision of this question must depend upon the construction of the act of March 3d, 1863;[1] for without that act it is very clear that the jurisdiction belonged to the Circuit Court. We have, on a former occasion, given a construction of that act from which we see no reason to depart. In the case, Bronson v. La Crosse Railroad Co.,[2] we held that the powers conferred by this act on the District Courts, were only such as were necessary to control the ministerial duties of officers in the execution of final powers; and that if other powers became necessary, recourse must be had to the Circuit Court.
 
 
 2
 The act of confirming or setting aside a sale made by a commissioner in chancery, often involves the exercise of judgment and discretion as delicate as that called for by any function which belongs to the court. In the case before us, over forty exceptions were taken to the marshal's report of the sale, by three different parties, who resisted its confirmation; and the court delivered an elaborate opinion on the matter involved in these exceptions, when they were under consideration on the first sale. This strongly illustrates the fact, that judicial judgment may be called into exercise by the action of the court.
 
 
 3
 In the case of Blossom v. The Railroad Co.,[3] we held that the confirmation or rejection of a sale under a chancery decree, required the exercise of such judicial discretion; and therefore an appeal could be taken to this court from such an order.
 
 
 4
 These principles must control the case before us. They lead to the conclusion that the action of the District Court complained of by appellants was without authority, and must be set aside; and that this case must be remanded to the Circuit Court, with directions to enter a rule against the marshal who made the sale, to report it to that court for further proceedings, not inconsistent with this opinion.
 
 
 5
 ORDER ACCORDINGLY.
 
 NOTE.
 
 6
 At the same time with this appeal was heard an appeal, on the same record, by the opposite party, Soutter & Knapp, who were complainants in the court below. They had appealed from the original decree of foreclosure, on the ground that it did not include certain property which they were entitled to have sold under the mortgage. Upon the questions involved in that appeal, the members of the court who heard the argument—which was by the same counsel as the appeal by the other side, their positions only as respected appellant and appellee being reversed—were equally divided in opinion, and the decree and orders complained of were therefore affirmed.
 
 
 
 [1]
 The language of which is given above, in the statement of the case.—REP.
 
 
 [2]
 1 Wallace, 405.
 
 
 [3]
 1 Wallace, 655.