NEWHALL v. The R. G. WINSLOW. See Case No. 11,736.

NEWHALL, The HARRIET. See Case No. 6,102.

NEWHALL, The SARAH M. See Case No. 12,351.

## Case No. 10,160.

### The NEW HAMPSHIRE.

[23 Int. Rev. Rec. 311; 2 Civ. Law Bul. 225.]

District Court, E. D. Michigan. April 30. 1877.

PRACTICE IN ADMIRALTY— CONFIRMATION OF SALE —POSSESSION—RESALE—LIBEL FOR SERVICES.

1. The practice of the court of admiralty requires that sales be confirmed by the court before the purchaser is entitled to the property.

2. Where the purchaser of a vessel at a judicial sale not confirmed by the court, obtained possession of her without authority, and expended labor upon her. and a resale was afterwards ordered, it was held that he was not entitled to maintain a libel for his services.

This was a libel for expenses incurred by the libellant in towing the schooner, pumping her out and taking care of her, pending proceedings in this court for a resale of the vessel. It appeared that on the 30th day of October, A. D. 1875, a writ of venditioni exponas was issued from this court, in the case of Hugh Mallon, an intervening libellant, requiring the marshal to make public sale of the schooner on the 18th day of November. In obedience thereto Mr. Blanchard, deputy marshal, offered her for sale at public auction, at the time and place named in the writ. and struck her off to the libellant for the sum of $650, he being the highest bidder, and that being the highest sum bidden therefor. Some days thereafter, several parties interested in the proceeds of the schooner, came into court and prayed that the sale b set aside and a resale ordered, offering to start the bids upon such a resale at $800. Pending this application, libellant came to the marshal's office and tendered to Mr. Blanchard the amount of his bid. Mr. Blanchard at first declined to accept the money, saying to him that the sale would probably be set aside, but finally consented to receive the money, nothing being said about surrendering the vessel. Libellant at once, and without the knowledge of the marshal, took possession of the schooner from one Beaubien, who had charge of her as well as of about a dozen other vessels, towed her to his wharf and bestowed upon her the labor for which this action is brought. On the 20th of December a resale was ordered to take place on the 5th of January, at which time the vessel was put up and struck off to another party for $975, and possession was surrendered to the purchaser. Libellant now sues for reimbursement for the labor and money expended upon her, as he claims in good faith.

Sylvester Larned, for libellant.

F. H. Canfield and John C. Donnelly, for claimants.

BROWN, District Judge. Had this been an ordinary sale at auction, it is quite likely that the striking of her off to libellant, and the subsequent receipt of the money by the auctioneer, would have vested a good

title in the purchaser, although it is evident that Mr. Blanchard, in receiving the money, did not thereby intend to vest title or surrender possession to libellant.

A different rule, however, obtains with regard to judicial sales. The practice in courts of chancery and admiralty requires that the sale be confirmed before the purchaser has a right to the property. Confirmation is said to be the judicial sanction of the court. Until then, the bargain is incomplete. When made, it relates back to the time of the sale, and supplies all defects except those founded in want of jurisdiction or in fraud. Until confirmed by the court the sale confers no right. Until then, it is a sale only in a popular and not in a judicial or legal sense. "The bidder," says the supreme court of Kentucky, "acquires by the mere acceptance of his bid no independent right, as in the case of a purchaser under an execution, to have his purchase completed," but is merely a preferred proposer, until the confirmation of the sale by the court, as agreed to by its ministerial agent. Ror. Jud. Sales, §§ 122, 124–126, 134. Although it is true if the deed be made and delivered and possession surrendered, lapse of time may operate to confirm the title of the purchaser, without formal confirmation by the court; yet, ordinarily speaking, until confirmation, the sale may at any time be set aside, and a resale ordered. The vesting of a title in a purchaser is obviously inconsistent with the power of ordering a resale. As the libellant expended his money and labor without authority, he is not entitled to recover, and his libel must be dismissed.

---

NEW HAVEN, The. See Case No. 280.

NEW HAVEN, The (The GEORGE M. DALLAS v.). See Case No. 5,338.

NEW HAVEN, The (REED v.). See Case No. 11,649.

NEW HAVEN CLOCK CO. (TERRY CLOCK CO. v.). See Cases Nos. 13,840 and 13,841.