---

## THE SUE.

### (District Court, E. D. North Carolina. March 29, 1905.)

**1. JUDICIAL SALE—GROUNDS FOR SETTING ASIDE—OFFER OF INCREASED BID.**

A sale of a libeled vessel in admiralty, made by consent, but which has not been finally confirmed, will be set aside, and a new sale ordered, on an offer of a materially increased bid; and it is no ground of objection to such action that the first bidder has deposited the amount of his bid, or incurred expense on account of his supposed purchase, since he could acquire no rights or standing in the case until confirmation.

**2. MARITIME LIENS—REPAIRS AND SUPPLIES FURNISHED IN HOME PORT.**

There is no lien for repairs or supplies furnished to a vessel in her home port on the order of the owners, unless given by the local law; and in such case the provisions of such law must be followed, or no lien is acquired.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Maritime Liens, §§ 7–9.]

Maritime liens for supplies and services, presumption as to credit to vessel, see note to The George Dumois, 15 C. C. A. 679.]

In Admiralty.

W. W. Clark, for libelants Williams & Cosby.

S. M. Brinson and W. D. McIver, for M. B. Smith.

PURNELL, District Judge. On the 24th day of December, 1904, a libel was filed for services upon and material furnished to the steam tug Sue at the special instance and request of the owners thereof, amounting to $303.99, upon the filing of which, with proper stipulations, an attachment and monition were issued December 26th, and were duly returned December 28th. After seizure, Richard Barclift filed a petition as owner of the steam tug, asking to be admitted to defend accordingly. On this petition no order was ever asked or entered, and no defense set up. By consent, an order of sale was duly entered on the 19th day of January, 1905, and the tug regularly sold on January 30th, when M. B. Smith became the purchaser at the price of $275, which sale was reported and order made February 1st confirming the same, which order was entered February 2d, with the following memorandum: "The clerk will hold this decree for five days subject to objection, if no objection is filed within five days the decree will be entered as of record." On February 7th, at 3:20 p. m., Williams & Cosby filed objections to the confirmation of the sale; alleging that the price paid therefor

was not a fair price, and offering to increase the same 33⅓ per cent. Thereupon the decree entered February 2d was rescinded, and a resale of the tug ordered. Upon a report of this sale the cause was set down for hearing on Thursday, the 23d day of March, and all parties notified thereof.

The motion now is to confirm the sale, to which M. B. Smith, through his attorney, objects; the form of objection being a letter of February 22d addressed to the District Judge, and ordered to be filed as a petition in the cause, and a more formal petition filed March 19th, after the second sale, asking that the sale be set aside, and the marshal ordered to execute a deed to him for the said steam tug. The ground of objection is that M. B. Smith had paid the price bid by him at the first sale into court, had gone to some expense in ordering material for the repair of the tug, and that the objections to the sale were not filed in apt time. The objections are without force. The clerk was ordered to hold the decree confirming the first sale for five days, and within the five days, under the rule excluding the first day and including the last, and taking no note of parts of a day, the objections were filed, and were such that commend themselves to the court as reasonable ground for setting aside the sale. The libelants have shown their good faith by depositing the amount of the increased bid, and no court governed by the rules in equity or the rules in admiralty, which are based on natural justice, will sacrifice property by confirming a sale for 33⅓ per cent. less than is bid. The plea that the bidder has gone to expense in the purchase of material for the repair of the boat which he thought he had bought is not sufficient ground for confirming a sale for 33⅓ per cent. less than the court sees can be obtained. Courts of admiralty act upon enlarged principles of equity, rather than the strict rules of the common law. O'Brien v. Miller, 168 U. S. 287, 18 Sup. Ct. 140, 42 L. Ed. 469. The bid of a purchaser at a judicial sale under a decree of the court is in legal effect only an offer to take the property at that price, and the acceptance or rejection of that offer is within the sound discretion of the court, to be exercised with due regard to the special circumstances of the case and to the stability of judicial sales. Milwaukee R. Co. v. Soutter, 5 Wall. 662, 18 L. Ed. 678; Camden v. Mayhew, 129 U. S. 73, 9 Sup. Ct. 246, 32 L. Ed. 608. Until finally confirmed, the decree rests in the breast of the court. He was not a party to the proceedings, had no connection with it except as purchaser, and is really an intervener who has not complied with admiralty rule 34 as to interveners. The prayer of the petitioner is refused, and the petition dismissed.

There being no other objection to the sale to Williams & Cosby, it is ordered and decreed that the same be, and is hereby, in all respects confirmed, and the marshal directed to execute a bill of sale accordingly.

The only question remaining, then, is to pass upon the several claims filed by interveners. First intervening petition is by W. J. Smith, claiming as assignee of a note and mortgage executed by Richard Barclift, owner of the steam tug Sue, to J. W. Glover, and

duly recorded in the office of the collector of customs, upon which it is claimed there is a balance of $435, with interest from June 18, 1904, praying that after the payment of maritime liens the balance be applied to the discharge of the note secured by the mortgage. The note is not filed, but it is alleged in the petition that the following indorsement appears thereon in addition to the credit: "Pay to W. J. Smith, $435.00 without recourse on me. Jno. W. Glover." No question is raised as to this balance, or the validity of the mortgage or the assignment thereof.

It may be well to refer to some of the general principles governing liens on domestic vessels, principles controlling in this case. First, by common law, materialmen furnishing repairs to a domestic ship have no maritime lien upon the ship itself for their demand. As to repairs and necessaries in the port or state to which the ship belongs, the case is governed altogether by the local law, and no lien is implied, unless by that law. The General Smith, 4 Wheat. 438, 4 L. Ed. 609; The Planter, 7 Pet. 341, 8 L. Ed. 700; Ex parte McNiel, 13 Wall. 236, 20 L. Ed. 624; The Lottawanna, 20 Wall. 217, 22 L. Ed. 259; The Lottawanna, 21 Wall. 579, 22 L. Ed. 654; The J. E. Rumbell, 148 U. S. 12, 13 Sup. Ct. 498, 37 L. Ed. 345; Spedden v. Koenig, 78 Fed. 506, 24 C. C. A. 189; The Iris, 101 Fed. 1006, 41 C. C. A. 679. By the common law, materialmen furnishing repairs to a domestic ship have no particular lien upon the ship itself for their demand. The General Smith, 4 Wheat. 438, 4 L. Ed. 609; Ramsay v. Allegre, 12 Wheat. 614-636, 6 L. Ed. 746; Waring v. Clarke, 5 How. 491, 12 L. Ed. 226; Maguire v. Card, 21 How. 248, 16 L. Ed. 118; The Lottawanna, 20 Wall. 217, 22 L. Ed. 259; Davidson v. Baldwin, 79 Fed. 97, 24 C. C. A. 453. A shipwright who has taken a ship into possession to repair it is not bound to part with the possession until he is paid for the repairs; but if he parts with the possession of a domestic ship, or has worked upon it without taking possession, he has no claim upon the ship itself. The General Smith, 4 Wheat. 438, 4 L. Ed. 609.

The several claims filed herein by interveners, in which the state law has not been complied with, are therefore dismissed and ignored. The only two claimants who appear by the records to have filed liens in accordance with the state law are the libelants Williams & Cosby, $303.99, and J. A. Meadows, $118.88. A decree will therefore be entered allowing these claims to be paid pro rata, after the payment of the costs of this libel to be taxed by the clerk; and, if a balance shall remain, it shall be applied to the payment of the note and mortgage held by W. J. Smith.