### THE PLANTER.

#### (District Court, E. D. South Carolina. July 13, 1908.)

ADMIRALTY—EXECUTION OF DECREE—SALE OF VESSEL—VACATING—INADEQUACY OF PRICE.

A court of admiralty has discretionary power, like a court of equity, to set aside or refuse to confirm a sale of property made under its process, but, where such sale was fairly made, after due advertisement, and there was a considerable attendance of persons having knowledge of the property, it should not be set aside on objection of other parties interested, who had full opportunity to protect themselves on the ground alone of inadequacy of price, or on a later offer by them of an increased price.

In Admiralty. On motion to confirm sale and objections thereto.

Nathans & Sinkler, for Consumers' Coal Co.
Young & Young and Von Koluitz & Waring, for interveners.

BRAWLEY, District Judge. Upon hearing the report of the marshal of this court on the sale of the steamer Planter to the Consumers' Coal Company for the sum of $500, the said company having been the highest bidder under a writ of venditioni exponas issued out of this court, a motion was made by the proctors for the Consumers' Coal Company for a confirmation of said sale. On the same day the proctor who had filed an intervention in behalf of seamen for wages due brought to the attention of the court that the claims for wages amounted to more than $500, but no formal motion or petition was filed. Inasmuch as seamen are in an especial degree wards of the court, I was unwilling to confirm the sale at and for the sum of $500, being of opinion that that was an inadequate price without some investigation as to the circumstances attending the sale, and with that view I caused to be summoned all of the proctors in the cause. Before the date fixed for the hearing, a bid for $1,000 and a bid for $1,500 was filed with the clerk. The parties bidding, it was understood, were parties who had claims against the Planter for materials or supplies furnished. Upon the hearing affidavits were submitted as to the circumstances attending the sale, and it appears that on the day of sale a large crowd attended the same, among them masters of

steam tugs and other watercraft who had knowledge of the value of steamers, and were well acquainted with the steamer Planter. The day was clear, and it does not appear that there were any circumstances showing that there was any effort to chill the sale; the whole proceeding having been conducted regularly, after due advertising.

That the court has a judicial discretion in cases of the kind is undoubted, and it is generally governed by the rules which control the courts of equity. The old rule in chancery cases which obtained in England for many years, that until the confirmation the bidding would be opened upon a mere offer to advance the price 10 per cent., has been rejected in England, and has never met with much acceptance in this country. I have lately had occasion in another case to consider whether mere inadequacy apart from any circumstances which would tend to raise a suspicion of fraud, irregularity, or unfairness should of itself suffice to vitiate a sale. Gross inadequacy, such as would shock the conscience and be of itself evidence of fraud, has been stated in some cases to furnish sufficient grounds for setting aside sales; but, where there has been no fraudulent conduct on the part of the purchaser, no evidence of any combination to restrict the bidding, where the sale was open and public, and after being duly advertised, and no lack of attendance of buyers, it seems to me that it would greatly impair confidence in judicial sales if the courts should refuse to confirm a sale simply because the price is inadequate. It appears that since the sale parties who were interested in it have offered in one case double and in the other case treble the amount of the bid of the successful bidder. No reason is given by them or either of them why they did not attend the sale.

In Ballanetyne v. Smith, Justice Brewer says on page 289 of 205 U. S., on page 528 of 27 Sup. Ct. (51 L. Ed. 803):

"Something may be said on each side of the question. On the one, that a court of equity owes a duty to the creditor seeking its assistance in subjecting property to the payment of debts to see that the property brings something like its true value, in order that to the extent of that value the debts secured upon the property may be paid; that it owes them something more than to merely take care that the forms of the law are complied with and that the purchaser is guilty of no fraudulent act. On the other, that it is the right of one bidding in good faith at an open and public sale to have the property for which he bids struck off to him if he be the highest and best bidder; that, if he be free from wrong, he should not be deprived of the benefits of his bid simply because others do not bid, or because parties interested have done nothing to secure the attendance of those who would likely give for the property something nearer its value; that, if the creditors make no effort and are willing to take the chances of a general attendance, they have no right to complain on the ground that the property did not bring what it should have brought."

It appears that the bidder to whom the property was knocked down has a claim for coal furnished amounting to something over $2,000. The proctor for the said bidder states that he represents other claims of the same character, among them a firm of which his own brother is a member. None of these parties have appeared and filed objections to the confirmation, and there being no circumstances suggestive of fraud, unfairness, or irregularity, I am of opinion that the sale should be confirmed, for parties interested in sales made by the courts should

understand that it is their duty to protect themselves at such sales. Inasmuch, however, as seamen are wards of the court, and are generally unable to protect themselves by bidding on such sales, the sale will be confirmed upon the condition that the Consumers' Coal Company shall pay into court such sum in addition to the amount of their bid as will suffice to pay all the seamen's wages which may be justly due, and the costs.