LAMBERT'S POINT TOWBOAT CO. v. UNITED STATES et al.

(Circuit Court of Appeals, Fourth Circuit. July 12, 1910.)

No. 976.

1. ADMIRALTY (§ 99\*)—SALE OF PROPERTY—SETTING ASIDE SALE.

Evidence *held* sufficient to warrant a court of admiralty, in the exercise of its discretion, in setting aside a sale of a vessel made under its order in a proceeding by the owner for limitation of liability on the ground of inadequacy of price.

[Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 661–669; Dec. Dig. § 99.\*

Limitation of shipowner's liability, see note to The Longfellow, 45 C. C. A. 387.]

2. ADMIRALTY (§ 99\*)—SALE OF PROPERTY—MANNER OF MAKING SALE.

A court of admiralty which has ordered the sale of a libeled vessel by the marshal at public auction is without authority to accept in open court, or to authorize the marshal to accept, a private bid therefor.

[Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 661–669; Dec. Dig. § 99.\*]

Appeal from the District Court of the United States for the Eastern District of Virginia, at Norfolk.

Suit in admiralty by the United States against the steam tug John Twohy, Jr., Lambert's Point Towboat Company, claimant, and petition by claimant for limitation of liability. Appeal by claimant from orders setting aside a sale of the tug and approving and confirming a second sale. First order affirmed, and second order reversed.

Robert M. Hughes, for appellant.

L. L. Lewis, U. S. Atty.

H. K. Wolcott (Jeffries, Wolcott & Lankford, on the brief), for Moss & Moss.

Before GOFF and PRITCHARD, Circuit Judges, and KELLER, District Judge.

GOFF, Circuit Judge. This appeal is from two decrees of the court below, one of them entered March 28, 1910, setting aside a sale of the tugboat John Twohy, Jr., which had been made at public auction, and the other April 16, 1910, by which the said boat was sold to the appellees Moss & Moss, and conveyed to them by the marshal as directed by the court.

The record discloses that on February 23, 1910, the appellant filed in the court below its petition for a limitation of liability against a cause of action then being asserted against it by the United States of America, for causing a collision with a lighthouse, in which petition it elected to have the boat conveyed to a trustee under the provisions of the admiralty rules, which was done. A decree was then entered by which a monition issued directing all persons to make claims before a commissioner therein appointed, enjoining the prosecution of all suits and ordering a sale of the tugboat at public auction for cash, after advertisement of the time, terms, and place of sale for at least

10 days in the Norfolk Landmark, a newspaper published in the city of Norfolk. By virtue of that decree the marshal, after due advertisement, offered the boat for sale at public auction, and duly sold it to the president of the Lambert's Point Towboat Company, which company is the appellant. The United States opposed the confirmation of the sale, filed exceptions to the report thereof, and caused evidence to be taken relating thereto, on consideration of which the court below, after argument, entered a decree sustaining the exceptions and directing a resale of the boat at public auction, on the terms of the former decree of sale, except that such resale was to be made after giving five days' notice of the time, place, and terms of such sale in the newspaper mentioned, and by sending copies of said notice to leading tugboat owners along the Atlantic Coast. This action of the court in setting aside said sale is assigned as error.

The marshal thereafter, on April 7, 1910, again offered the boat for sale, making announcement at the time that he would decline to consider any bid of a sum less than $10,000; that being the amount for which the boat had been knocked down when first offered for sale. Appellant, declining to bid as much as that sum, made an offer of $5,000 for the boat, which the marshal declined, and the sale was not consummated. Afterwards, on April 11, 1910, the appellees Moss & Moss, through counsel, made an offer to the marshal of the sum of $11,000 for the boat. The matters relating to the second effort to make sale of the vessel at public auction, and of the said offer of Moss & Moss, were duly reported to the court by the marshal, with the suggestion that said bid be accepted, when the court after consideration thereof, and after appellant had been heard in opposition thereto, and had assigned as reason for refusing to bid that the court was without authority to make the sale under such circumstances, and could not make a valid title to the vessel if so sold, entered at Richmond, Va., on April 16, 1910, a decree accepting the said bid of $11,-000 and directing the marshal to convey the boat to Moss & Moss, which he immediately did. This action of the court is also assigned as error.

We find that the assignment relating to the action of the court below in setting aside the first sale is without merit. As the matter was then presented, the evidence offered as to the value of the boat, while contradictory, and in some respects unsatisfactory, was nevertheless of such character as to warrant the action taken by the court, and as to render it inexpedient for an appellate court to interfere with the exercise of the judicial discretion possessed by that court. The advance bid of 10 per cent. at which the boat was afterwards sold tends to sustain the conclusion of the court that the bid of $10,000 was inadequate, and in this connection it may be recalled that, when the bid of $11,000 was made, the court was advised that, if the boat was again offered for sale, a bid in excess of that sum would be made. Under all the circumstances attending the proceedings in the court below, we conclude that reversible error is not to be found when the first sale was set aside. In reaching this conclusion, we are not unmindful of the fact that the rule is now well established that courts should pro-

ceed with great caution in disposing of motions to set aside sales duly made under the provisions of their own decrees, and that to justify such action inadequacy of price is not sufficient, unless in view of existing circumstances it amounts to either fraud or unfairness. While there is no insistence of, nor evidence tending to show, fraud, we are of opinion that in the view the matter was presented to the court, at the time the order setting aside the sale was entered, it would have been unfair to the appellee the United States to have confirmed the sale at the price mentioned. This disposition of this assignment of error renders it unnecessary for this court to give further consideration to other matters relating to the first sale.

The remaining assignments of error involve the validity of the sale of the boat to the appellees Moss & Moss. Was that sale as it was conducted—in effect in open court—in accordance with the rules applicable to such proceedings? By virtue of it did a perfect title to the boat pass to Moss & Moss? Was it fair to all the parties interested in said litigation? The value of the boat was concededly much less than the damages claimed in the libel, filed in the action in which the proceedings for limited liability were taken under sections 4283 to 4285, inclusive, of the Revised Statutes of the United States (U. S. Comp. St. 1901, pp. 2943, 2944), and the libelant as well as the appellant, were interested in having it bring its full value when sold. Why the appellant, after offering evidence, in connection with the first sale, that the sum of $10,000 was a fair price for the boat, declined to bid more than the half of that amount for it, when the marshal offered it the second time is not apparent; but it is not to be inferred that a greater sum would not have been realized if the sale had proceeded at the offer so made. Indeed, it is quite plain that both the appellant and the appellees regarded the boat as worth more than the $11,000 at which it was finally sold. The appellant did not decline to bid when the sale was made by the court because the vessel was not worth more than the sum bid by Moss & Moss, but for the reason that under the circumstances attending the sale a good title to the boat could not be made by the court. While the appellees Moss & Moss were not expected to raise their own bid, it was nevertheless clear that they would have given more for the boat if their said bid had been raised, for they had so advised the court. The bidding was evidently chilled, and what transpired demonstrates the wisdom of the practice and the necessity of the rule requiring such sales to be conducted after notice and in a public manner. The admiralty practice has, in the courts of the United States, for many years required that all sales of property under the decree of those courts shall be at public auction, and at a designated place after due notice; and admiralty rule 41, promulgated in 1844, by the Supreme Court of the United States under statutory authority, designates the marshal or his deputy or other officer assigned by the court to conduct such sales. All sales by public officers made under the requirements of statutes, or rules of court, should be by public auction after notice, unless the statutes and rules expressly provide otherwise, and, if such officers fail in the discharge of their duties, the interests of owners, creditors, and

bidders will be protected by the court to which they make their reports.

All those desiring to purchase property sold under decrees in admiralty, and all persons interested therein as owners or creditors, have been taught by long usage that due announcement of the time and place of sales will be made by the marshal, and they when so advised, either in person or through agents, prepare for and attend such sales, and bid or have others bid thereat, thereby causing the property to realize approximately at least its value. Parties desiring to purchase would not know of private bids, made either to the marshal or to the court, nor would they be advised of the proceedings taken in court concerning them. If sales under decrees in admiralty can be made by the marshal privately, or in any other way than by public auction, or can be conducted in open court without notice, and without the consent of the parties in interest, not only will great confusion and needless controversies follow, but the rights, privileges, and obligations of bidders, purchasers, and owners will be seriously affected, and the validity that judicial sales generally imply would be greatly impaired. It is quite clear that the requirements of the rule 41 were not complied with, and, as they were applicable, their nonobservance has caused error that necessitates reversal. It may be that in some cases a sale by the marshal privately, or a sale conducted in open court without notice to the public, will produce advantageous results; nevertheless the practice should not be encouraged, because it is in derogation of the rules and will eventually result in disorder in our court procedure, and loss to litigants in many cases.

The reasons why but one bid was offered at the second sale, and that palpably inadequate, are not disclosed, and we will not speculate regarding them, nor is the motive entirely clear why Moss & Moss should refuse to raise the bid of $5,000, or decline to bid $10,000, the sum required by the marshal, and then within a very few days thereafter submit an offer privately for $11,000 for the same property. The parties so acting were doubtless moved by purposes of their own; but we are not to infer therefrom that another effort by the marshal to make a public sale would have been a failure, nor are we justified thereby in ignoring the provisions of well-considered and long-established rules of procedure.

We are unable to sustain the suggestion that the sale was in effect conducted by the marshal, who was in fact present, and who afterwards made the deed to the purchasers. That officer had given no notice that the sale would then be made, and the public was in entire ignorance of the fact that it was then being consummated in the court. The marshal was present, but he did not conduct the sale, which was entirely under the control of the court. The proceedings were in open court, the conditions were unusual, the court was embarrassed by a situation unique and likely never to be duplicated, and we doubt not the learned judge acted conscientiously, actuated solely by a desire to be fair and just to all.

The authorities cited by appellees (Monte Allegre, 9 Wheat. 616, 6 L. Ed. 174, and Rose's Code of Fed. Proc. § 1287b) relating to sales

in admiralty are not in the least in conflict with the conclusion we have reached. The proceedings, and the sale referred to, in the Monte Allegre had been conducted under the practice we have alluded to. Questions relating to the rights of purchasers under judicial sales, as also the duty and the liability of the marshal, were discussed and disposed of; but no intimation is given that the sales under which such rights and liabilities arose should not have been conducted with all the formalities required by law.

· The decree of the court below accepting the bid of . the appellees Moss & Moss, and making sale to them of the tugboat for $11,000, was irregular and will be reversed; the deed of sale of the vessel made by the marshal, which in fact did not pass a perfect title, will be set aside; this cause will be remanded, with directions that the same be proceeded with in the court below as may be proper, as its condition will then suggest and demand, and as the respective interests of the ·parties may require.

Reversed.